Mr. Chief Justice Marshall
'delivered thb opinion of th«r court. The question proposed by. the circuit court, which will be first considered,'is,
Whether the offence charged in this indictment was, according to the statement'of facts which accompanies the question, “within the jurisdiction' or cognizance of the circuit court of the United States for. the districhof Massachusetts ?’?
The indictment appears tó be founded on the 8th sec. of the “act for the punishment of certain crimes against the United .States.”- That section gives the courts of th>2 union cognizar ce of certain offences committed on the high sens, or in any river,, haven, basin, or bay, oiit of the jurisdiction of any particular state.
Whatever may be the constitutional' power' of congress, it is clear that this power has not been so.exercised, in this section of the act, as to confer on its Courts jurisdiction over any offence committed in a river, haven, basin or bay ; which river, hayen, basin» or bay, is within, the jurisdiction of any particular state.
What thfenis the extent of jurisdiction which a state possesses ?
Weanswer, without hesitation,' the jurisdiction «C *387 a síate is co-extensive with its territory ; jo-extensive with its legislative power. _
_ The place described is unquestionably within the origirial territory of Massachusetts!: It is then within the jurisdiction of-Massachusetts, unless that; jurisdiction has been ceded by the United States. ,
It is contended to have, been ceded by-that article in the constitution which declares, that “the' judicial power shall extend to all cases of admiralty and maritime jurisdiction.” The argument is, that the power thus granted is exclusive ; and that the murder com mitted by the prisoner is a case of admiralty and maritime j urisdiction.
Let this be admitted. . It proves the power of congress to legislate in the case; not, that pdngress has exercised that power. It has been argued,-and the argument in a favour of, as well as that against the proposition deserves great consideration, that courts of comipon law have concurrent jurisdiction with courts of admiralty, over murder committed in bays, which are inclosed parts of the sea ; and that for this reason the offence is within the jurisdiction of Massachusetts. But in construing the act of. congress, {he ' court ber lieves it to be unnecessary to.pursue the investigation which has been so, well made at the- bar -respecting the jurisdiction of these'rival coürts.
To bring the offence within the jurisdiction of the courts of the union, it must have bean committed in-a' river, &c. out of the jurisdiction of any state. It is not the offence committed, but the bay in which it is committed, which must be out of the jurisdiction, of the *388 state. If, then, it should be true that Massachusetts Can ta^e n0 cogn^zance of"the offence.; yet, unless the place itself be out of her jurisdiction, congress has not given cognizance of that offence to its courts. If there be a common jurisdiction, the-crime .cannot be punished the courts of the union.
■Can the cession of all cases of admiralty and raaritime furisdiction be construed into a cession ofthe waters on which those cases may arise.
This is a question on which th3 court is incapable of feeling a doubt. The article which describes thejudicial power of the United States is not intended for the cession, of territory ,or of general jurisdiction. It •is obviously designed for other purposes. It is in the 8th section of the 2d article, we are to look for cessions ,of territory and of exclusive jurisdiction. Congress has power to exercise exclusive jurisdiction over this district, and over all places purchased by the consent -ofthe legislature of the state in which the same shall be; cfor the erection of forts, magazines, arsenals, dock. yards, and'other needful buildings.
-It is observable, that the power of exclusive legislation (which is jurisdiction) is united with -cession of territority, which is- to be the free act of the states. It is difficult to compare the two sections together; without feeling a conviction, not to be strengthened by .-any commentary on them, that, in describing the judicial power, the.f nmens of our constitution had not in view any cession of territory, dr, whicli is essentially the same, of general jurisdiction.
It is not questioned, that whatever may be necessary to the full and unlimited exercise of admiralty *389 •and maritime jurisdiction, is in the-government of the union. Congress may pass all laws which are nec.es • sary and proper for giving the most complete effect to this power. Still, the general jurisdiction over, the place, subject to this grant of power, adheres to the territory, as a portion of sovereignty not yet given- away. The residuary powers of legislation are still in Massachusetts. Suppose for example the power of regulating trade had not been given to the general government* Would this extension of the judicial power to all cases of admiralty and maritime jurisdiction, have devested Massachusetts of the power to regulate the trade of her bay? Aá the powers of the respective, governments now stand, if two’ citizens of Massachusetts step into shallow water when the tide flows, and fight a duel,-are they not within the jurisdiction, and .punishable by the laws of Massachusetts'? If these ques- ' tions must be answered in the' affirmative, and we believe they must, then the bay in which this murder was committed, is not out of the jurisdiction of á state, and .the circuit court of Massachusetts is not authorized, by the section under consideration, to take cognizance of the'murder which had been committed.
It may he deemed within the scope of the question certified to this court, to inquire whether any other part of the act has given cognizance of this.murder to the circuit court of Massachusetts'?
The third section enacts, “that ifany .person or. persons shall, within any fort, arsenal, dockyard, maga- ’ zine, or in any other place, or district of country, under the sole and exclusive jurisdiction of the United *390 States, commit the crime of wPful murder,' such person or persons, on being thereof convicted, s*hall suffer death.”
Although the bay on which this murder was committed might not be out of the jurisdiction of Massachusetts, the ship of war om the deck of which it was Committed,.is, it has been said, “a place wilhin'thé sole -and exclusive jurisdiction of the United States,” whose courts may ■ consequently take cognizance of the offence.
That a government which possesses the broad power of war; which “may provide and maintain a navy;” ,which “may make rules' for the government and regulation of th.e land and navel forces,” has power to punish an offence committed by a marine on board'a ship of w.ar, wherever t-hat ship may lie, is a jw&pposition never to be questioned in this court. On this section, as on the 8th, thfe inquiry respects, not the extent of the power of Congress, but the extent to. which-that power has been exercised.
\ The objects with which the word “place” is associated,.are all, in their nature,'fixed and territorial. A fort, an arsenal, a dock-yard,' a magazine, are all of this character. When the sentence proceeds with the words, “or in any other place or district of country under' the sole and exclusive 'jurisdiction of the United States;” the construction seems irresistible that, by the words “other place” was intended another place of a similar character' with those previously enumerated, and with that which follows. Congress might have omitted, in its enumeration, eotaé •-similar place within its exclusive jurisdiction *391 ■which was not comprehended by any of the terms em* ployed to which some other name, might he given ; and, therefore, the words, “other place,” or “district of country,” were added;. But the context shows the mind of the legislature to have Been, fixed on territorial ob* jects of a similar character.
This construction's strengthened by the fact (hatv at the time of passing.this law, the United States did not possess a single.ship of war. It may, therefore, be reasonably supposed, that a provision for the punishment' of crimes'in the navy might be postponed until some provision for a navy should be made. While taking; this view of the subject, it is not entirely unworthy of remark, that afterwards, when a navy was created, ánd1. congress did not proceed to make'rules for its. regulation and governmeutj no jurisdiction is given, to the' courts of the United States, of any crime committed in a ship’of war,'wherever it miy be’ stationed.a . Upon these reasons the court is ,of opinion, that a murder committed on board a ship of -war, ■ lying within the ^arbour of' Boston, is not cognizable in the circuit: court for the district Of Massachusetts ; ]¡vhich opinion is to be certified to that court.
The opinion of the court, on this point, is believed., to render it unnecessary co decide the question respecting the jurisdiction of the state court in the case.
Certificate accordingly..

 Ths, it is conceived, refers to the ordinary courts of the United States, proceeding according to the law of the *392 land. The crime of murder; when committed by any officer, seaman, or marine, belonging to' any public'ship or vessel of tile U fitted States, without the territorial jurisdiction of the same, may be punished with death by the sentence ofa court martial. Act.ofl80S for the better government the rnvy, di. 187 (33,) sect. Í, art. 21. But the case at bar was not cognizable by a navy court martial, being committed within the territorial ju_ risdictioU ofthe United State»-

 Comyn’s Dig. Admiralty, E. Bac. Abr. Court of Admiralty, A. 2 East's Crown Law, 803.