THE PEOPLE v. LANE.

State jurisdiction in the United States navy yard at Brooklyn.

To AN indictment for manslaughter, the defendant pleaded to the jurisdiction, that the offense was committed at the navy yard, on board a government vessel, while both parties were in the service of the United States, and occurred in the discharge of the defendant's duty as an officer of that vessel.

*Circuit Judge:* To oust this State of its jurisdiction to support and maintain its laws and to punish crimes, it must be shown that an offense committed within the acknowledged limits of the State is clearly and exclusively cognizable by the laws and courts of the United States. (*People* v. *Godfrey*, 17 J. R. 233.)

To bring the offense within the jurisdiction of the United States courts, it must have been committed out of the jurisdiction of this State. (*U. S.* v. *Bevans*, 3 Wheat. 388.)

The act of cession of the navy yard at Brooklyn, expressly reserves and retains to the State its jurisdiction over the tract of land, by providing that the jurisdiction ceded "shall not prevent the operation of the laws of the State" within the same.

Whatever, therefore, may be the jurisdiction of a naval court-martial, or of the civil courts of the United States, it is enough, for the purposes of this case, to know that the offense charged was not committed without the jurisdiction of this State, but was committed at a place where the full operation of the laws of this State was amply secured, and where, of course, in order to have these laws operate, our courts must have jurisdiction over the offense and the person of the offender.

The plea ought to be overruled.