REYNOLDS *v.* THE PEOPLE.

CONSTITUTIONAL LAW. It seems that paragraph 17, section 8, article 1 of the constitution of the United States is not applicable to the territories.

POWERS *of the federal and territorial governments.* The fact that the general government has legislative authority in the territory tends not to diminish or displace the authority of the territorial government but to establish it.

MILITARY RESERVATION — *laws of territory operate within.* An indictment and conviction under chapter 53, Revised Statutes, for selling spirituous liquor without license, at and within the military reservation of Fort Lyon, is good.

*Error to District Court, Pueblo County.*

Mr. Justice GORSLINE did not participate in the decision of this cause.

Mr. H. C. THATCHER, for plaintiff in error.

Mr. W. F. STONE, District Attorney, third district, for defendant in error.

HALLETT, C. J. The plaintiff in error was found guilty of a violation of the license law in respect to selling spirituous liquors. The sale was made at and within the military reservation known as Fort Lyon, and it is claimed that the conviction is erroneous upon the ground that the law under which it was had was not, at the time of the sale, operative within that reservation. This theory is founded upon the seventeenth paragraph of section eight, article one of the constitution, by which congress is invested with exclusive legislative authority "over all places purchased by the consent of the legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dockyards and other needful buildings."

In terms, this clause refers to places purchased by the consent of the legislature of a State, and therefore within a State, and we are not aware of any instance in which it has been applied to a place not within the limits of a State. In *United States* v. *Bevan*, 3 Wheat. 388, the court say of this clause, "It is observable that the power of exclusive legislation (which is jurisdiction) is united with cession of territory, which is to be the free act of the States."

Again, it has been expressly decided that a place, although within a State, is not subject to the legislation of congress under this clause, unless jurisdiction has been ceded by the legislature of the State in which it is situated.

*The People* v. *Godfrey*, 17 Johns. 226 ; *Clay* v. *The State*, 4 Kan. 49.

It seems that this clause of the constitution has no application to the territories. 2 Story on Con., § 1224, *et seq.*; 2 Curtis' History of Constitution, 340.

Upon the general proposition, however, that congress has legislative authority in the territory, no doubt can be entertained. When we consider that the territorial government was established by act of congress, we are ready to concede the jurisdiction of the federal government.

Upon authority, also, the point is not to be questioned. *American Insurance Company* v. *Canter*, 1 Peters, 511 ; *Leitensdorfer* v. *Webb*, 20 How. 181.

In the case of *The American Insurance Co.* v. *Canter*, it is said that, " in legislating for them (the territories), congress exercises the combined powers of the general and of State government."

The power of congress over a territory is exerted in establishing a government to which is delegated authority to legislate upon all rightful subjects. As we had occasion to remark in the case of *Franklin* v. *U. S.*, *ante*, 35 : "Usually all restrictions upon the powers of a territorial government are found in the organic law by which it is established, but sometimes, as in the law punishing bigamy in the territories, and the law prohibiting slavery and some other acts, this rule has not been followed." The body politic thus created is not a sovereignty but an emanation of federal power, standing upon and subordinate to the authority of the general government. Itself, the creature of the federal government, a territory cannot transcend the power of its superior, nor can the authority of the territory be arrayed against that of the general government. There can be no real conflict between them unless the territory, like the gourd in the fable, which disdained its vine, should attempt to cut down the parent stem upon which it stands. The power of the general government, descending upon the territorial government, is thence diffused by the latter, and there is no question of pre-eminence presented. Every act

of the legislative assembly derives its legal force and validity from the organic act, and is subject to disapproval by congress.   Indeed, an act of the territorial assembly cannot run into any place of which the federal government has not jurisdiction, for the obvious reason that it proceeds in virtue of the will and power of the latter.   We perceive, therefore, that the fact that the general government has legislative authority in the territory tends not to diminish or displace the authority of the territorial government but to establish it.   And, as to Fort Lyon, if the general government had no authority there, then, indeed, would the act of assembly be ineffectual in that place ; but the general government had full and complete jurisdiction in that place, in virtue of which the territorial act gained force and effect there as well as elsewhere in the territory.   This doctrine is not opposed to those considerations which induced the framers of the constitution to give to the general government exclusive control of forts, arsenals, etc., within the several States.   If the territorial assembly should attempt to interfere with the functions of the general government in any such place, the act of interference would probably conflict with some act of congress, or it could be made ineffectual by the disapproval of congress.

It is not contended that the legislative assembly was without authority to enact the law upon which the conviction in this cause is based, and we think that law was in force in the reservation of Fort Lyon as well as elsewhere in the territory at the time of the sale by the plaintiff in error.

The judgment of the district court is affirmed, with costs.

*Affirmed.*