# SUPREME COURT.

## Edward Lange agt. Charles L. Benedict.

*Jurisdiction of judge — when he acts without jurisdiction, he is liable.*

Where a judge, holding a court of limited or general jurisdiction, proceeds officially against a party, knowing that he acts without jurisdiction, having in fact no jurisdiction whatever, he is liable in an action, at the suit of the party injured, for such acts.

Where the judge holding the circuit court of the United States for the southern district of New York, upon the trial and conviction of the defendant in an indictment for a felony, sentenced him to pay a fine of $200, and be imprisoned for the term of one year, which fine was immediately paid by the defendant, and he then went to prison, and subsequently was brought up on *habeas corpus* before the same judge, who, on reference to the statute, ascertained that the extreme penalty for the offense was imprisonment for the term of one year, *or* a fine of $200, and the judge thereupon resentenced the defendant to one year's imprisonment; and, subsequently, the case was brought before the supreme court of the United States, upon *certiorari* and *habeas corpus*, which court:

*Held*, that the record of the circuit court's proceedings showed that at the moment the second sentence was rendered, that, in that very case, and for that very offense, the defendant had fully performed, completed and endured, one of the alternate punishments which the law prescribed for that offense, and had suffered five days' imprisonment on account of the other. It thus showed the court that its power to punish that offense was at an end. The court could render no second judgment against the defendant. Its authority was ended All further exercise of it in that direction was forbidden by the common law, by the constitution, and by the dearest principles of personal rights which both of them are supposed to maintain.

The defendant in that case, and the plaintiff in this, brought an action against the judge who resentenced him for false imprisonment, claiming $50,000 damages. The defendant demurred to the complaint on the ground of want of jurisdiction in this court, and that the complaint did not state facts sufficient to constitute a cause of action.

Lange agt. Benedict.

*Held*, that a judge of a court of either a limited or a general jurisdiction who attempts to enforce a judgment, which he knows to have been satisfied, makes himself liable to an action. Demurrer overruled, with leave to answer on payment of costs.

### *New York Special Term, January,* 1875.

AT the October term, 1873, of the circuit court of the United States, held in the southern district of New York, the Hon. CHARLES L. BENEDICT, the defendant, presiding, the plaintiff was arraigned under an indictment for feloniously stealing certain mail bags in use by the post-office department of the United States, and was tried and convicted, the jury finding in their verdict that the value of the bags stolen by the defendant was less than twenty-five dollars. The extreme penalty which the statute, under which the plaintiff was convicted, authorized the court to impose upon him, was that he should be imprisoned for the term of one year, or pay a fine of two hundred dollars ($200).

On the 3d day of November, 1873, at said term of the court, the defendant sentenced the plaintiff to pay a fine of $200 and be imprisoned for the term of one year. On the 4th day of November, 1873, the plaintiff paid to the clerk of the United States circuit court the said fine so imposed, and the clerk duly deposited the same to the credit of the treasurer of the United States with the assistant treasurer, at the city of New York. On the 7th day of November, 1873, a writ of *habeas corpus* was granted in favor of the plaintiff herein, returnable on the eighth day of November. On said eighth day of November, and during that same term of the court at which the plaintiff was convicted, the plaintiff was produced, in obedience to said writ, by the marshal, whereupon, after hearing counsel, the defendant, by order, vacated and set aside the sentence pronounced against the plaintiff on the 3d day of November, 1873, and proceeded to pass judgment anew, and resentenced the plaintiff to be imprisoned for the term of one year.

On the 17th day of December, 1873, an order to show cause why a writ of *habeas corpus* should not issue, returnable before said circuit court, which motion was, on the twenty-fourth of December, denied. Thereupon, for the purpose of preserving the rights of the plaintiff, a writ of *habeas corpus* was issued by judge BLATCHFORD, returnable before the defendant on the 29th day of December, 1873. Upon the return day to this writ, it was ordered that the prisoner be remanded and the writ dismissed.

On the 13th of January, 1874, writs of *habéas corpus* and *certiorari* were duly granted by the supreme court of the United States, and such proceedings were thereon had that the said sentence, pronounced on the 8th of November, 1873, under which the plaintiff was then being held a prisoner, was adjudged to have been pronounced without authority, and the supreme court thereupon ordered and directed that the plaintiff be discharged, and this action was brought to recover damages for false imprisonment, from the 8th day of November, 1873, until the 29th of January, 1874.

The defendant demurs to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*B. F. Tracy*, in support of demurrer.

*Wm. Henry Arnoux*, opposed.

VAN BRUNT, *J.*—In the points submitted by the counsel for the defendant, and also upon the argument of the demurrer, it was argued that the second sentence was lawful, and that the judgment of the supreme court of the United States upon that point is not binding upon this court.

Although the judgment of the supreme court of the United States as to the legality of the second sentence may not conclude the defendant, yet I do not think that it would be decorous in me to attempt to review the deliberate decision

Lange agt. Benedict.

of the highest judicial tribunal in the land, and I shall only discuss, very briefly, the questions raised upon this demurrer, assuming the second sentence to have been without authority.

There is no principle which is better settled, than that no judge of a court of record is liable to action for a judicial act, and although in many of the cases distinctions are made between the liabilities of judges holding courts of limited jurisdiction and those of judges holding courts of superior or general jurisdiction, I do not think it necessary for the decision of this° demurrer to determine whether the United States circuit court is to be considered, in respect to this case, as a court of limited or general jurisdiction.

The counsel for the plaintiff has cited several cases (4 *Dal.*, 11; 3 *Wheat.*, 336; 10 *Wheat.*, 192) for the purpose of showing that for some purposes, at least, that court is to be considered a court of limited jurisdiction.

I do not think it necessary to comment upon all the authorities which have been cited by counsel in support of their respective positions, because it seems to me that Mr. justice FIELD, in case of *Bradley* agt. *Fisher* (13 *Wallace*, 350), has stated the result to be derived from an examination of all the cases on this subject.

He says " that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excessive jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter, any authority exercised is an usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determina-

Lange agt. Benedict.

tion as any other questions involved in the case, although, upon the correctness of his determination in these particulars, the validity of the judgment may depend. Thus, if a probate court, invested only with authority over wills and the settlement of the estate of deceased persons, should proceed to try parties for public offenses, jurisdiction over the subject of offenses being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection for him in the exercise of the usurped authority.

" But if, on the other hand, a judge of a criminal court, invested with general criminal jurisdiction over offenses committed within a certain district, should hold a particular act to be a public offense which is not by the law made an offense, and proceed to the arrest and trial of a party charged with such acts, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although these acts would be in excess of his jurisdiction or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction of the subject-matter is invoked. Indeed, some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction or that of the court held by him, or the manner in which the jurisdiction shall be exercised. And the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject-matter and person, applies in cases of this kind and for the same reasons."

The distinction here made between acts done in excess of jurisdiction and acts where no jurisdiction over the subject-matter exists, was taken by the court of queen's bench in the case of *Ackerly* agt. *Parkinson* (3 *Maule & Selwyn*, 411). In that case, an action was brought against the vicar-general of the bishop of Chester, and his surrogate, who held the con-

sistorial and episcopal court of the bishop, for excommunicating the plaintiff with a greater excommunication of contumacy in not taking upon himself the administration of an intestate's effects to whom the plaintiff was next of kin. The citation issued to him being void, and having been so adjudged, the question presented was whether, under these circumstances, the action would lie. The citation being void, the plaintiff had not legally been brought before the court, and the subsequent proceedings were set aside upon appeal on that ground. Lord ELLENBOROUGH observed, " that it was his opinion that the action was not maintainable, if the ecclesiastical court had general jurisdiction over the subject-matter, although the citation was a nullity, and said that no authority had been cited to show that the judge would be liable to an action where he has jurisdiction, but has proceeded erroneously, or, as it is termed, *inverso ordine.*"

Mr. justice BLANC said, "that there was a material distinction between a case where a party comes to an erroneous conclusion in a matter over which he has jurisdiction, and a case where he acts wholly without jurisdiction, and held, that where the subject-matter was within the jurisdiction of the judge, and the conclusion was erroneous, although the party should, by reason of the error, be entitled to have the conclusion set aside, and to be restored to his former rights, yet he was not entitled to claim compensation in damages for the injury done by such erroneous conclusion as if the court had proceeded without jurisdiction.

" The general principle which seems to be established by this decision is, that in a court of superior or general jurisdiction which has the slightest claim to jurisdiction over the subject-matter, a judge will not be held liable in a civil action for an erronous decision in favor of such jurisdiction, neither will he be held liable, where he has jurisdiction of the subject-matter, for excess of punishment, no matter how great such excess may be. Thus, in the present case, the plaintiff being convicted, and the defendant, as presiding judge of the court

in which such conviction was had, sentenced the plaintiff to a punishment in excess of that allowed by law, yet he was not liable in a civil action to the plaintiff for any damages which he might have sustained by reason of such excessive sentence, because the defendant had jurisdiction both of the subject-matter and the person of the plaintiff.

"But if there is a clear absence of all jurisdiction, and this want of jurisdiction is known to the judge, no excuse is permissible, and he will be held liable in a civil action."

If, therefore, there was a clear absence of jurisdiction in the defendant to pass the second sentence, and this want of jurisdiction was known to him, this action will lie.

The United States court, in deciding the question of the validity of the second sentence, used the following language: "We are of opinion that when the prisoner, as in this case, by reason of a valid judgment, had fully suffered one of the alternate punishments to which alone the law subjected him, the power of the court to punish further was gone; that the principle we have discussed then interposed its shield and forbade that he should be punished again for that offense. The record of the court's proceedings at the moment the second sentence was rendered, showed that in that very case, and for that very offense, the prisoner had fully performed, completed and endured one of the alternate punishments which the law prescribed for that offense, and had suffered five days' imprisonment on account of the other. It thus showed the court that its power to punish that offense was at an end. Unless the whole doctrine of our system of jurisprudence, both of the constitution and of the common law for the protection of personal rights, in that regard, are a nullity, the authority of the court to punish the prisoner was gone. The power was exhausted, its further exercise was prohibited. It was error; but it was error because the power to render any further judgment did not exist."

In another part of the opinion the supreme court say, "that in the present case the court could render no second judgment

against the prisoner. Its authority was ended. All further exercise of it in that direction was forbidden by the common law, by the constitution, and by the dearest principles of personal rights, which both of them are supposed to maintain."

It is true that lord chief justice DeGRAY, in the case of *Miller* agt. *Serl* (2 *Bl. Rep.*, 1141), said, "that the judges of the courts of general jurisdiction were not liable to answer personally for their errors in judgment. The protection as to them is absolute and universal. With respect to the inferior courts, it is only while they act within their jurisdiction."

It will be seen by the case of *Bradley* agt. *Fisher*, that the proposition, as stated by lord chief justice DeGRAY, cannot be maintained as broadly as he has laid it down, and that there may be cases where judges of courts of general jurisdiction will be held personally liable, not for errors in judgment, but for passing judgment at all in a case where it was clear· they had no jurisdiction.

This view of the law is sustained by the case of *Houlden* agt. *Smith* (14 *Q. B.*, 841). In that case it was held that a judge of a court of record is answerable in an action for an act done by his command when he has no jurisdiction, and is not misinformed as to the facts on which jurisdiction depends. The facts of that case appear to be as follows: The plaintiff, who dwelt and carried on a business at Cambridge, out of the jurisdiction of the Spilsby court, was sued in that court by leave of the judge, under statute 9 and 10 Victoria, chapter 95, section 60, the cause of action having arisen within the jurisdiction of the court, and judgment was duly obtained against him. Afterward, while the plaintiff still dwelt and carried on business at Cambridge, a judgment summons was issued by order of the judge of the Spilsby court, under section 98, calling upon the plaintiff to be examined as to his estate and effects, and the plaintiff not appearing, the judge, knowing the facts, but believing, nevertheless, that he had authority, made an order that the plaintiff should be com-

Lange agt. Benedict.

mitted for contempt. The court say: "Although it is clear that the judge of a court of record is not answerable at common law, in an action for erroneous judgment, or for the act of any officer of the court wrongfully done, not in pursuance of, though under color of a judgment of the court, yet we have found no authority for saying that he is not answerable in an action for an act done by his command and authority, when he has no jurisdiction."

In the case now under consideration, the plaintiff having been convicted, and suffered and performed the full penalty which the law imposed upon his offense, was entitled to his liberty, and had the lawful right to assert his freedom by force after that sentence had been vacated. Under these circumstances, without any authority whatever, and in direct violation of and disregard for those rights which were guaranteed to the plaintiff, both by the common law and the constitution, he was sentenced to imprisonment for an offense which he had already expiated; which facts were known to the defendant at the time of pronouncing such sentence. At the time that Edward Lange was present in court, when the second sentence was pronounced, neither the marshal nor any other person had the slightest scintilla of right to restrain him of his liberty, because of the offense for which he had been convicted; and, in the eye of the law, he was as free as any of the persons who happened to be spectators in the court room on that day. And I do not think that it will be argued that a judge of a court of general jurisdiction can, of his own will and volition, without observing any of the forms required by law, imprison with impunity any of the persons who happen to be present within his court. Yet, if the judgment of the United States supreme court in this case is sound, this is precisely what was done to the plaintiff by the defendant. I know that it is necessary for the independence of the judiciary that the broadest shield of protection should be thrown around them in respect to their official acts; but this

does not require that they should be exempt from all penalties when they clearly act without any claim to jurisdiction.

If the United States circuit court, as it has frequently been held to be, is a court of limited jurisdiction, then it would appear that under all the authorities, the defendant having acted, in passing the second sentence, without jurisdiction, he is liable in trespass.

I am aware that, assuming the United States circuit court to be one of general jurisdiction, the question is not free from difficulty; but I am of the opinion, after a careful examination of the authorities, that a judge of a court of general jurisdiction, who attempts to enforce a judgment which he knows to have been satisfied, makes himself liable to an action.

The demurrer, therefore, must be overruled, with leave to the defendant to answer on payment of costs.