## UNITED STATES *v.* LEWIS.

*(District Court, D. Oregon.* November 10, 1888.)

1. COURTS—FEDERAL DISTRICT—JURISDICTION—CRIMES—REV. ST. U. S. § 563, SUBD. 1.
   Subdivision 1, § 563, Rev. St., does not confer jurisdiction on the district courts of any crime not otherwise defined by some statute of the United States.
2. SAME—COMMON-LAW CRIMES.
   The courts of the United States have no common-law jurisdiction in criminal cases.
3. SAME—ASSAULT ON THE HIGH SEAS.
   An assault with a dangerous weapon on the high seas is not a crime against the United States unless committed on board an American vessel, as provided in section 5346, Rev. St.

*(Syllabus by the Court.)*

Information for assault with a dangerous weapon on the high seas.

*Lewis L. McArthur,* for the United States.

*Edward N. Deady,* for defendant.

DEADY, J. The defendant is accused by the information in this case of the crime of assault with a dangerous weapon on the high seas, contrary to the statute in such cases made and provided, and alleged to have been committed as follows:

On October 27, 1888, the defendant was the master of the bark Emblem, then on the Pacific ocean, about 400 miles off the coast of Oregon, and did then and there assault and beat one Walter Toy, a seaman on said bark, with a dangerous weapon, to-wit, a deck-scraper.

The defendant demurs to the information for that the facts stated therein do not "bring the offense charged within the jurisdiction of this court."

Subdivision 1 of section 563 of the Revised Statutes gives the district courts jurisdiction "of all crimes and offenses cognizable under the authority of the United States, committed within their respective districts or upon the high seas, the punishment of which is not capital, except," etc.

Section 5346 provides:

"Every person who, upon the high seas, * * * within the admiralty jurisdiction of the United States, * * * on board any vessel belonging in whole or in part to the United States or any citizen thereof, with a dangerous weapon * * * commits an assault on another, shall be punished," etc.

Jurisdiction in this case is claimed under subdivision 1 of section 563. But this section does not confer jurisdiction on the district courts of any particular crime, but only of such as may be committed within their respective districts, or upon the high seas, and are cognizable under the authority of the United States. A crime is "cognizable under the authority of the United States" when it is triable in its courts by virtue of its laws.

It is long since settled that the courts of the United States have no common-law jurisdiction in criminal cases; that, so far as the United States are concerned, there are no common-law crimes; and that therefore its courts cannot take cognizance of any act or omission as a crime unless it has been made such by an act of congress. *U. S.* v. *Hudson*, 7 Cranch, 32; *U. S.* v. *Bevans*, 3 Wheat. 336.

The only act of congress making an assault on the high seas with a dangerous weapon a crime, is section 5346 of the Revised Statutes, (section 4 of the act of 1825;) and one of the elements of the crime, as. therein defined, is that the assault must take place on board of a vessel belonging in whole or in part to the United States or some citizen thereof. The information does not disclose the nationality of the vessel on which the alleged assault took place. To constitute a crime against the United States of which this court has jurisdiction, the assault must have taken place on board an American vessel, and that fact must be alleged in the pleading.

As a matter of fact it is admitted in this case that the Emblem is a British vessel, and that the parties to the assault are British subjects. But this admission is unnecessary, for the American nationality of the vessel must be alleged.

That congress may go further, and authorize the punishment of parties for offenses committed on the high seas without reference to their nationality, or that of the vessel on which the same are committed, if they shall thereafter be found or come within the United States, may be admitted. *U. S.* v. *Palmer*, 3 Wheat. 630; *U. S.* v. *Bevans*, Id. 386; *U. S.* v. *Kessler*, 1 Baldw. 28; *U. S.* v. *Wilson*, 3 Blatchf. 438. But as yet it has not done so.

The celebrated case of *Reg.* v. *Keyn*, 2 Exch. Div. 63, is instructive on this subject. It was there held by seven judges to six that the crime of manslaughter, committed even within three miles of the coast of England, by a German subject on the person of a British one, was not within the jurisdiction of the admiral of England, because parliament had not made it so. The case was this: Keyn was in command of the German ship Franconia, on a voyage from Hamburg to St. Thomas. When within two-and-a-half miles from the beach of Dover, the Franconia, by the negligence, as the jury found, of the defendant, ran into the British ship Strathclyde. and sank her, causing the death of one of her passengers. It was agreed that the jurisdiction of the admiralty included all persons in British vessels on the high seas, along the coast, from low-water mark seaward; and by a majority of the judges, that the jurisdiction extends to all persons, whether natural born subjects or not, on board British ships, everywhere on the high seas, and to no others.

The decision led to the passage of the "Territorial Waters Jurisdiction Act" (40 & 41 Vict. c. 73, 1878,) which declares that the jurisdiction of the British crown extends and always has extended over the open seas adjacent to the coasts of the United Kingdom, and of all other parts of her majesty's dominions, to such a distance as is necessary for the defense and security thereof, and that any part of the open sea within one

marine league of low-water mark shall be deemed open sea within the meaning of the act.   See 2 Steph. Hist. Crim. Law England, 29.

The assault alleged in the information is not a violation of any law of the United States, and therefore the demurrer is sustained, and judgment thereon will be given in bar of the action.