## D. P. GAY *et al.* v. ALLEN THOMAS *et al.*

(Filed July 30, 1898.)

CONSTITUTIONAL LAW—*Taxation of Property on Indian Reservations.* For syllabus hereto, see former opinion herein, 5 Okl. 1, 46 Pac. 578, except the eighth clause of said syllabus, which eighth clause is hereby expressly overruled.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before A. G. C. Bierer, District Judge.*

*Asp. Shartel & Cottingham,* for plaintiffs in error.

*H. S. Cunningham, Attorney General,* and *D. C. Weir,* for defendants in error.

Actions by D. P. Gay and others against Allen Thomas and others to enjoin a tax sale. The actions were consolidated, and judgment rendered for plaintiffs, and defendants bring error and cross error. Affirmed (5 Okla., 1,) and appeal taken to the supreme court of the United States, where the case was reversed and remanded. (18. Sup. Ct. 340.) Judgment reversed, and cause dismissed. Opinion of the court by

TARSNEY, J.: This case, involving the validity of an act of the legislature of the Territory of Oklahoma approved March 5, 1895, providing for the assessment and taxation of cattle kept or grazed, or any other personal property situated in any unorganized country, district, or reservation of this Territory, and making such property subject to taxation in the organized county to which such country, district or reservation is attached for judicial purposes, was before this court at the June term, A. D. 1896, and said act was then held valid in so far as it sought to impose taxation upon property in such unorganized country, district, or reservation for territorial purposes, and for the court-expense fund of the county to which such unorganized country, district, or reservation was attached for judicial purposes; and all taxes sought to be collected thereunder for other county funds were declared to be invalid. As the decision of the court below dissolved a temporary injunction issued to restrain the collection of any of such taxes, to the extent of said territorial taxes and taxes for said court-expense

fund, and perpetuated said temporary injunction against the collection of all the taxes sought to be collected for the remaining county funds, the judgment of said trial court was by this court in all things affirmed.   (5 Okl. 1, 46 Pac. 578.)

Subsequently the cause was removed to the supreme court of the United States by appeal, and at the October term, 1897, of said court the decision of this court was reversed and the cause remanded (*Gay v. Thomas,* 169 U. S. 264, 18 Sup. Ct. 340,) the court holding therein that said act was valid in all its parts, and was in conformity with the power vested in the legislature of this Territory to subject the property of citizens of the United States located or kept on Indian reservations or other unorganized country in this Territory to taxation by the counties to which said reservation or unorganized country might be attached for judicial purposes, for all the purposes and the different revenue funds of said county, as well as for the court-expense fund and for the support of the territorial government.   The opinion of this court upon the former hearing, and the syllabus thereto, except the eighth paragraph thereof, were prepared by the writer of this opinion, but were not concurred in by a majority of the court, but were permitted to stand and be published as the individual views and conclusions of the writer.   As such opinion and the law of the case as stated in such syllabus (except the eighth paragraph thereof, and the closing paragraph of the opinion) have been fully approved and affirmed by the decision of the supreme court of the United States in the case, and are now unanimously approved by this court, reference is made thereto; and the propositions involved need not be further considered herein, except that the eighth clause

of said syllabus, not stating the law of the case as therein expressed, is hereby overruled.

In the former opinion in this case this paragraph appears:   "The final proposition contained in plaintiff's brief (that relating to the action of the territorial board of equalization in raising the aggregate valuations of property returned from the county of Kay for the year 1895) having been fully considered and determined by this court at this term in the case of *Wallace v. Bullen*, 6 Okla. 17, 52 Pa. 954, and held adversely to the contention of ths plaintiffs herein, fully disposes of this point."   The proposition contained in this paragraph, viz. the question of the power of the territorial board of equalization to raise the valuations of the property to be taxed, was presented to the supreme court of the United States in the briefs of counsel; but as that court was advised that conflicting views had been expressed by this court in the case of *Wallace v. Bullen, supra,* and the subsequent case of *Gray v. Stiles*, 6 Okla. 455, 49 Pac. 1083, and that the subject was still pending in this court upon a motion for rehearing in the *Wallace v. Bullen* case and others, that court deemed it premature for it to determine the question, and referred the question back to this court to be dealt with by us, if we should see fit, upon a rehearing. Although when this case was before us on the former hearing, and when it was before the supreme court of the United States, this question was discussed in the briefs of counsel, yet a re-examination of the record shows that, although the proposition was presented in the petition of the plaintiffs below, it was not considered by the court below, and in our opinion is not presented here by any of the assignments of error contained in the record, and was not before us for determination when this case

was presented upon rehearing. As all the others questions involved in the case were determined adversely to the plaintiffs below by the supreme court of the United States, nothing remained for this court but to reverse the action of the court below in so far as it perpetuated the injunction against any of the taxes involved, and to dismiss the plaintiff's petition. As the court at its sitting on the —— inst. orally announced its conclusion, and took time for the filing of a written opinion, it may now be stated that since the oral announcement of the decision of the court herein this court has had before it upon rehearing the case of *Wallace v. Bullen*, and the former decision of the court therein has been fully approved and affirmed, and the case of *Gray v. Stiles*, in conflict therewith, has been expressly overruled. For the reasons herein stated, as announced in the oral opinion, the judgment of the lower court herein is reversed, and the cause dismissed.

McAtee, J., dissenting; all the other Justices concurring.