MARTIN, *County Treasurer*, et al. v. SAMUEL CLAY et al.

(Filed Feb. 11, 1899.)

1. PLEADING—*Misjoinder of Parties—Demurrer—Motion.* Misjoinder of parties plaintiff is not a ground for demurrer, under our practice; nor can the fact that a plaintiff in a case where such proceeding is not authorized brings the action in his own name, in his own behalf, and in behalf of numerous others, whose names are inserted in the body of the petition, be taken advantage of by demurrer, but such defects must be brought to the attention of the trial court by an appropriate motion.

2. TAXATION—*Excessive Assessment—Injunction.* Where one seeks to enjoin the collection of a tax on the ground of excessive assessment, arising from the action of a board of equalization in increas-

ing the valuation of the property over the returned valuation, plaintiff must allege that his property was returned for assessment at its true cash value; and a petition for injunction which simply states that the property was returned at a certain value, and that such valuation was reasonable and fair, does not state a cause of action, and will be held bad on demurrer.

3. SAME—*Board of Equalization.* The case of *Wallace v. Bullen,* 52 Pac. 954, 6 Okla. 17, and cases following the rule therein laid down, are decisive of the same proposition involved in this case. (Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before J. R. Keaton, District Judge.*

*W. J. Lockey, T. G. Cutlip* and *B. B. Blakeney,* for plaintiffs in error.

*W. S. Pendleton,* for defendants in error.

Injunction by Samuel Clay, for himself and fifty-five others, again the treasurer, sheriff, and board of county commissioners of Pottawatomie county, enjoining the collection of taxes. From a judgment for the plaintiffs, defendants bring error. Reversed.

Opinion of the court by

TARSNEY, J.: On June 13, 1896, the defendant in error Samuel Clay filed a petition in the district court of Pottawatomie county, for himself and fifty-five others named in said petition, praying an injunction against the plaintiffs in error, restraining them from collecting that portion of the taxes for the year 1895 assessed and levied against each of said parties upon the basis of the increase of assessments arising from the action of the board of territorial equalization in raising the returned values of property in Pottawatomie county 35 per cent. over the valuation thereof returned by the county clerk of said county to said board of equalization. The defendants

filed a demurrer to the petition of the plaintiff on the ground that said "petition did not state facts sufficient to constitute a cause of action." The demurrer being by the court overruled, and the defendant declining to plead further, judgment was rendered as prayed for in the petition; and the case is brought here by petition in error.

The only question presented is that arising upon the action of the court in overruling the demurrer to the petition in the cause. The action was based upon the alleged illegality of the proceedings of the territorial board of equalization for the year 1895 in raising the aggregate of valuations of property returned from the several counties over the valuations as shown by the returns of the various county clerks. This court has repeatedly held, (and it is no longer an open question,) that the board of equalization had authority of law for the action complained of, and that the increase of valuations ordered by them in the various counties for the year 1895 was legal, and that the collection of taxes based thereon would not be enjoined on the ground that such increase of valuations was without authority of law. (*Wallace v. Bullen*, 6 Okla. 17, 52 Pac. 954; *Gay v. Thomas*, 5 Okla. 1, 46 Pac. 578; *Id.* [Okla.] 54 Pac. 444; *Gray v. Stiles*, 6 Okla. 455, 49 Pac. 1083; *Id.*, 54 Pac. 485; *Renfrew v. Webb*, 7 Okla. 198, 54 Pac. 448; *Wallace v. Bullen*, 6 Okla. 757, 54 Pac. 974 (on rehearing); *Weber v. Dillon*, 7 Okla. 568 54 Pac. 894.

In *Wallace v. Bullen*, 6 Okla. 17, 52 Pac. 954, this court, speaking of the powers and functions of the several boards and officers charged with the assessment and equalization of assessments for the purposes of taxation, said: "These several officers and boards may be said to comprise the machinery of the law for exercising the taxing powers of government. Each must act within the

special scope of his or its authority, and, when so acting, the only limitation that we can discover to the combined authority and jurisdiction of all is that their imposition of taxation must be equal and uniform. In assessing they must not fix values higher than the true cash value of the property assessed; and in levying they must not levy a higher rate than that limited by the law. In other words, the general scope of the jurisdiction and powers of the taxing authorities is to impose taxation upon property assessed at its true cash value, and at a rate not exceeding the maximum fixed by law; and when the authorities have proceeded and acted within the scope of their authority as thus defined, and property has not been valued for taxation beyond its true cash value, or a greater rate of taxation levied upon such value than that authorized by law, the owner has not been injured, and cannot be heard to complain, provided his property has been taxed equally and uniformly with other property in the taxing district."

In *Weber v. Dillon, supra,* the rule was stated as follows: "The territorial board of equalization had power, in equalizing the returns of the several counties of the Territory, to adopt the returns of any county which, in its judgment, the most nearly represents the actual cash value of all of the property therein, and equalize all the other counties of the Territory, by either raising or lowering them to conform to the returns of the county adopted as a standard; but such board has no power to raise the returns of any county above the actual value of all the property therein contained; and if said board, in raising the total returns of any county, raised the assessed valuation of the property of any person or persons above its actual value, injunction will lie to restrain the collection

of all taxes based on the valuation in excess of the true value thereof."

In *Bardrick v. Dillon*, 7 Okla. 535 54 Pac. 785, and in *Weber v. Dillon*, just cited, it was held that in an action of this character a number of taxpayers could not be properly joined as parties plaintiff, and that, if the question of misjoinder of parties is properly raised, it will result in each party being required to file his separate petition, and have his case decketed and tried separately; that where the action is to restrain the collection of a tax, based on an excess of valuation over the actual cash value of the property, each plaintiff must make proof as to the value of his own individual property, and no other plaintiff has any interest in such case; that each must present a separate issue, and a separate judgment must be rendered as to the assessment of each plaintiff; that there can be no unity of interest where a general judgment cannot be rendered, operating on all alike; and that section 265 of the Civil Code (St. 1893, sec. 4143) gives no warrant for the joining of several tax payers, as parties plaintiff, in one action, where the relief sought is against assessments in excess of the actual cash value of the property. Nor can any warrant or authority be found in cases of this character for one individual suing in his own behalf and in behalf of others, where they are not regularly joined as parties plaintiff, even though such joinder was permissible.

The demurrer in this case states only the special ground, that the petition does not state facts sufficient to constitute a cause of action; and it was ruled in *Weber v. Dillon, supra*, and in *Bardrick v. Dillon, supra*, that misjoinder of parties, under our Code is not a ground of demurrer, but must be raised in some other manner. Nor

is the want of authority in the party named as plaintiff to sue in behalf of others, and make them parties to the record, under our Code, a ground of demurrer. Therefore, in determining this case, we must determine it upon the single question whether, as between the plaintiff Clay and the defendants, the petition states facts sufficient to constitute a cause of action. The allegations as to the illegality of the proceedings of the board of equalization, in so far as they relate to the general powers of the board, do not state a cause of action; and if his petition, as the petitions in *Bardrick v. Dillon* and *Weber v. Dillon* had alleged that his property had been assessed or valued by the assessor and local boards of equalizations at its true cash value, and by the action of the territorial board of equalization such true cash value had been increased 35 per cent., or any other amount, a cause of action would have been stated. The only allegation in plaintiff's petition in relation to the value of his property is that he returned his personal property to the assessor, with a valuation of $5,000; that such valuation was not changed by the assessor, by the township board of equalization, or by the county board of equalization; that the valuation placed on said property by him when the same was rendered to said assessor was a reasonable and fair valuation. This is not an allegation that it was returned at its true cash value, and therefore plaintiff has not brought himself within the rule of the cases above cited, so as to make his petition good against a demurrer. The allegations of the petition that others of the parties on whose behalf he sought to maintain the action had returned money for taxation, and that the value thereof was by the action of the board of equalization increased 35 per cent., cannot aid his cause of action. Had

the parties themselves individually brought action to relieve from an excessive valuation of money returned, they could recover, but he cannot maintain their action for them. There being no other allegations in the petition which state any sufficient cause of action, we must hold that the court below erred in overruling the demurrer to this petition.

The judgment of the court below is reversed, and the cause remanded, with instructions to the district court to set aside the order overruling the demurrer, and to sustain the same, and to permit such other proceedings in this cause as may be in accordance with the views herein expressed.

McAtee, J., not sitting; all the other Justices concurring.