## TERRITORY OF HAWAII *v.* J. F. CARTER.

### APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED OCTOBER 1, 1908.                    DECIDED OCTOBER 12, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

CRIMINAL LAW—*misdemeanors committed on naval reservation—jurisdiction.*

The territorial district courts have jurisdiction of misdemeanors committed on land reserved for naval purposes.

OPINION OF THE COURT BY WILDER, J.

This is an appeal by defendant on points of law from the district magistrate of Honolulu, the sole question to be decided being whether the district court has jurisdiction of an assault and battery committed by a lieutenant commander of the United States navy on the naval reservation in Honolulu. The

land in question on which this assault and battery was committed was ceded by the Republic of Hawaii to the United States and accepted by the Newlands resolution approved July 7, 1898. On November 10, 1899, a parcel of land including the one in question was reserved by the President of the United States for naval purposes "subject to such legislative action as the Congress of the United States may take with respect thereto."

It is contended on behalf of the defendant that the territorial courts have no jurisdiction over misdemeanors committed in this Territory on land reserved for naval and military purposes. This follows, he claims, because of the constitution, or, if not, then on account of the Organic Act.

The provision of the constitution on which the defendant relies is found in Sec. 8 of Article 1, which provides that "The Congress shall have power * * * to exercise exclusive legislation in all cases whatsoever * * * over all places purchased by the consent of the legislature of the State in which the same shall be for the erection of forts, magazines, arsenals, dock yards and other needful buildings." It is practically admitted, and it is in fact well settled, that this provision does not apply to territories as a general rule, but it is argued that the Territory of Hawaii is practically a state within the meaning of that portion of the constitution by reason of our Organic Act having constituted a separate federal court here different from the other territories and because of its having given somewhat broader powers than usual to our governor. But whatever differences there may be between this and the other territories in those respects, it is so clear that this Territory is not a state within the meaning of the constitutional provision in question that no further reference need be made to that phase of the argument.

That portion of the Organic Act which defendant has reference to is Sec. 91 thereof, which reads as follows:

"That the public property ceded and transferred to the United States by the Republic of Hawaii under the joint resolution of annexation, approved July seventh, eighteen hundred and ninety-eight, shall be and remain in the possession, use, and control of the government of the Territory of Hawaii, and shall be maintained, managed, and cared for by it, at its own expense, until otherwise provided for by Congress, or taken for the uses and purposes of the United States by direction of the President or of the governor of Hawaii."

The claim is that when this land on which the assault took place was taken "for the uses and purposes of the United States by direction of the President" that took away the jurisdiction of territorial courts over misdemeanors committed on it. The land was reserved for naval purposes before the passage of the Organic Act and consequently this section of the act has nothing to do with the question. But even if the land had been reserved afterwards, we see no merit in defendant's contention, as the section plainly has nothing to do with jurisdiction over crimes. There is nothing in the language to indicate that in parting with the "possession, use and control" of land taken for the uses and purposes of the United States, the Territory was to lose its criminal jurisdiction any more than in the case of land sold and patented to private parties.

Section 6 of the Organic Act provides "that the laws of Hawaii not inconsistent with the constitution or laws of the United States or the provisions of this act shall continue in force subject to repeal or amendment by the legislature of Hawaii or the Congress of the United States." One of the laws of Hawaii then in existence was the statute for the violation of which the defendant was arrested, tried and convicted, which is now R. L. Sec. 2916. That statute was not inconsistent with the constitution or the Organic Act or any law of the United States to which our attention has been directed or which we have been able to find, and consequently congress continued it in force. In addition, however, congress went further and

Territory v. Carter, 19 Haw. 198.

provided in Sec. 81 of the Organic Act that "until the legislature shall otherwise provide the laws of Hawaii heretofore in force concerning the several courts and their *jurisdiction* and procedure shall continue in force except as herein otherwise provided." It is not otherwise provided in the Organic Act that the jurisdiction of the territorial courts over misdemeanors of the kind in question committed on naval reservations was taken away, nor has our legislature or congress since changed that jurisdiction in this respect. The Organic Act in conferring criminal jurisdiction does not distinguish between misdemeanors committed on land reserved for naval purposes and those committed elsewhere in the Territory. It follows, therefore, that the district court had jurisdiction in this case.

The conclusion at which we have arrived is the same as that in *Territory v. Burgess,* 8 Mont. 57, and in *Reynolds v. People,* 1 Colo. 179.

Judgment affirmed.

*W. L. Whitney, Deputy Attorney General,* and *F. W. Milverton, Deputy County Attorney,* for the Territory.

*M. F. Prosser (Kinney & Marx* on the brief) for defendant.

