A. F. CASSELS *v.* CHARLES T. WILDER, TAX
ASSESSOR AND COLLECTOR OF THE FIRST
TAXATION DIVISION OF THE TERRITORY OF
HAWAII.

No. 889.

RESERVED QUESTION FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED NOVEMBER 30, 1915.          DECIDED DECEMBER 3, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

TAXATION—*property on military reservation.*

Property on a United States military reservation owned by
individuals is subject to taxation by the Territory.

OPINION OF THE COURT BY QUARLES, J.

The petitioner, an officer in the United States army,
located at Schofield barracks in the city and county of

Honolulu, and in the first taxation district, filed his petition in the circuit court of the first circuit to obtain an injunction enjoining the respondent, as tax assessor and collector, from collecting or attempting to collect a tax assessed against an automobile owned by the petitioner, and which, as alleged in the petition, was upon the United States military reservation, upon which said barracks are located, during the whole of the day of January 1, 1915. To the bill the respondent filed a demurrer upon the ground that the facts stated in the bill of complaint do not entitle the petitioner to the relief prayed, nor to any relief, in that, in addition to other reasons, it does not appear from the allegations of said bill of complaint that the said automobile is exempt from taxation by the Territory of Hawaii. The circuit judge, being in doubt as to the question of law raised by the demurrer, has reserved to this court the question, "Shall the demurrer be sustained on the grounds submitted?"

The only question is, whether or not the automobile in question is exempt from taxation by reason of its being upon a military reservation. It is questionable whether a court of equity may exercise jurisdiction in a case of this kind inasmuch as the petitioner might pay, under protest, the tax claimed to be illegal and bring an action at law to recover the amount so paid. But no question of jurisdiction has been raised by either party, and both parties being anxious to have the legal question involved determined, and the public interest requiring a speedy determination of the question, we have concluded to decide the question upon its merits. It has been held in this jurisdiction that, under some circumstances, a matter cognizable at law, if submitted by both parties, without objection, to a court of equity and there decided, is binding, the parties being held to have waived the question of jurisdiction (*Kuala* v. *Kuapahi*, 15 Haw. 300; *Hapai* v. *Brown*, 21 Haw. 756; 762-3). It has also been held, in a suit in equity, that a

statute imposing an income tax was unconstitutional (*Campbell* v. *Shaw,* 11 Haw. 112. See also *Robertson* v. *Pratt,* 13 Haw. 590).

It is contended on behalf of the petitioner that the federal government having exclusive control of the said military reservation that persons and property thereon are not within the jurisdiction of the Territory for the purposes of taxation. The same question has arisen in a number of cases, while in other cases questions of jurisdiction of a kindred nature have been raised in both civil and criminal cases. In *Territory* v. *Carter,* 19 Haw. 198, it was held that the territorial courts have jurisdiction of misdemeanors committed on lands reserved by the United States for naval purposes, citing in support of the rule *Territory* v. *Burgess,* 8 Mont. 57 and *Reynolds* v. *People,* 1 Colo. 179. The same rule was announced in *United States* v. *Bateman,* 34 Fed. 86, where the defendant was charged with an offense committed on the Presidio military reservation in California. Early Wyoming cases sustain the contention of the petitioner, but these decisions have been overruled by the Wyoming court. In *Noble* v. *Amoretti,* 11 Wyo. 230, it was held that an Indian trader, licensed by the government to trade with the Indians on an Indian reservation subject to the jurisdiction of the federal government, is subject to the jurisdiction of the State, and his property situated on the reservation subject to taxation. In *Thomas* v. *Gay,* 169 U. S. 264, it was held that the legislature of Oklahoma Territory had jurisdiction to provide for the taxation of property of persons other than Indians situated on Indian reservations, and that such statute does not conflict with the provisions of the federal constitution. This decision was approved and followed in *Wagoner* v. *Evans,* 170 U. S. 588, in *Foster* v. *Pryor,* 189 U. S. 325, and in *Catholic Missions* v. *Missoula County,* 200 U. S. 118, 129. See also *Gay* v. *Thomas,* 5 Okla. 1, and the same case 7 Okla. 184. The supreme court

of Arizona held in *Territory* v. *Delinquent Tax List*, 3 Ariz. 302, that private property of · persons other than Indians upon an Indian reservation is subject to taxation, although that of Indians is not.

Lands within Indian reservations are within the exclusive jurisdiction of the federal government, and persons other than Indians cannot use such lands or lease them without permission from the federal government, yet it has been held that the civil authorities of a State or Territory may execute process upon persons other than Indians on such reservations, unless there is some treaty provision excluding the jurisdiction of the State or Territory within which such reservations are located. See *Langford* v. *Monteith*, 102 U. S. 145; *Utah & N. R. Co.* v. *Fisher*, 116 U. S. 28, and a number of later cases. The solicitor general, in an elaborate and interesting opinion, approved by the attorney general, reported in Opinions of Attorneys-General, Vol. 26, pp. 91-99, has followed the rules heretofore mentioned and held that property upon the Subig Bay naval reservation was not exclusively within the jurisdiction of the navy department of the United States and is subject to taxation by the civil authorities.

The Organic Act, Sec. 55, grants to the Territory the power to legislate upon all rightful subjects of legislation, including that relating to taxation of person and property. Section 1236, R. L., provides for the annual taxation of all real and personal property within each taxation district. The military reservation, upon which Schofield barracks are located, is within the first taxation district, of which the respondent is assessor and collector. We have no territorial statute, and Congress has passed none, to which our attention has been called, exempting automobiles or other private property on military reservations from taxation. Congress undoubtedly has the power to enact a statute exempting automobiles owned by persons in the army from taxation, when kept upon a military reservation in a Terri-

tory, but it has not done so. In the absence of legislation, federal or territorial, exempting the automobile in question from taxation by the Territory of Hawaii, we hold that it is subject to taxation under the statutes of the Territory.

It follows from what has been said that the bill of complaint does not state facts entitling the petitioner to the relief asked, and therefore the question reserved is answered in the affirmative.

*P. R. Bartlett* (*Holmes & Olson* and *M. A. Palen* on the brief) for petitioner.

*I. M. Stainback,* Attorney General, for the assessor.