## STATE OF OREGON, *Respondent,*
### *v.*
## ROBERT LEE HATLEY, *Appellant.*
### (No. 9800, CA 8913)

579 P2d 878

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

## TANZER, J.

Defendant appeals from a conviction of first degree robbery. He assigns as error the denial of his motion to dismiss for lack of jurisdiction and the admission of prejudicial photographs into evidence.

We take the facts from defendant's brief. Defendant was convicted of robbing two Chinese sailors on board a Chinese ship that was docked in Coos Bay. He and a young woman, Glover, had boarded the ship so that she could engage in prostitution. She solicited two sailors in their cabin; when they declined her offer, defendant held a knife to one sailor's throat while Glover collected numerous items of personal property from the cabin. Defendant and Glover then left the ship and returned to their motel room.

■ The general rule is that a state has jurisdiction over offenses committed on a foreign ship in a harbor of the state if the offense affects the peace or dignity of the state or the tranquility of the port. The United States Supreme Court explained in *Wildenhus's Case,* 120 US 1, 11-12, 7 S Ct 385, 30 L Ed 565 (1887):

"It is part of the law of civilized nations that when a merchant vessel of one country enters the ports of another for the purposes of trade, it subjects itself to the law of the place to which it goes, unless by treaty or otherwise the two countries have come to some different understanding or agreement * * *.

"From experience, however, it was found long ago that it would be beneficial to commerce if the local government would abstain from interfering with the internal discipline of the ship, and the general regulation of the rights and duties of the officers and crew towards the vessel or among themselves. And so by comity it came to be generally understood among civilized nations that all matters of discipline and all things done on board which affected only the vessel or those belonging to her, and did not involve the peace or dignity of the country, or the tranquility of the port, should be left by the local government to be dealt with by the authorities of the nation to which the vessel belonged

[ 747 ]

as the laws of that nation or the interests of its commerce should require. But if crimes are committed on board of a character to disturb the peace and tranquility of the country to which the vessel has been brought, the offenders have never by comity or usage been entitled to any exemption from the operation of the local laws for their punishment, if the local tribunals see fit to assert their authority. * * *"

*See also, United States v. Flores,* 289 US 137, 157-58, 53 S Ct 580, 77 L Ed 1086 (1933); *United States v. Bevans,* 16 US (3 Wheat) 336, 4 L Ed 404 (1818).

■ There can be no doubt that defendant's robbery of two foreign sailors affects the peace, dignity and tranquility of the state and the port. The state has a significant interest in maintaining the safety of its port and in protecting foreign ships and sailors who enter its ports from robbery by residents of the state. Therefore, the court had jurisdiction to try this case.

Defendant's other assignment of error does not require discussion. We are satisfied that there was no abuse of discretion in admitting the photographs. *State v. Flett,* 234 Or 124, 127, 380 P2d 634 (1963); *State v. Freeman,* 232 Or 267, 272-75, 374 P2d 453 (1962) *cert den* 373 US 919 (1963).

Affirmed.