

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0239-22

### ANDREW SHIRLEY JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### HARRIS COUNTY

**KEEL, J., filed a concurring opinion, in which KELLER, P.J., joined.**

The Disaster Act authorizes the governor to suspend procedures that regulate state agency operations—period. It does not authorize the wholesale suspension of statutes and especially not criminal ones, and I wouldn't wait for the next emergency to say so.

Subsection (a) reads as follows: "The governor may suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business or the orders or rules of a state agency if strict compliance with the provisions, orders, or rules would in

any way prevent, hinder, or delay necessary action in coping with a disaster." Tex. Gov't Code § 418.016(a). Its scope is narrow.

First, "regulatory statutes" are commonly understood as civil laws administered by executive agencies. Ron Beal, *A Pandemic of Separation of Powers Violations in Texas: The Interrelationship of the Texas Disaster Act and Texas Gov't Code Section 22.0035*, 53 ST. MARY'S L. J. 387, 393 (2022) (citing Ron Beal, TEXAS ADMINISTRATIVE PRACTICE AND PROCEDURE ch. 1 (23rd ed. 2020). Second, Subsection (a) reaches only certain provisions of regulatory statutes—not whole statutes, not even regulatory ones. Third, the provisions it reaches must "prescrib[e] the procedures for conduct of state business[.]" Tex. Gov't Code § 418.016(a). In other words, Subsection (a) authorizes the suspension of civil laws administered by executive agencies that prescribe agency operational procedures.

That narrow reach is underscored by the statute's context.

Subsection (a)'s alternative grant of authority to suspend agency rules and orders supports a narrow reading because words in statutes are known by the company they keep. *See U.S. v. Bevans*, 16 U.S. 336, 390–91 (1818). Its condition precedent supports a narrow reading, too: the governor may suspend statutory provisions or agency rules or orders if "strict compliance" with such would "prevent, hinder, or delay necessary action in coping with a disaster." *Id.* Only a state agency would be hindered by strict compliance with procedures prescribed for the conduct of state business. Meanwhile, Subsection (e) grants the governor the authority to waive or suspend a deadline imposed on political subdivisions by statute. *Id.* § 418.016(e). This specific grant of authority

would be superfluous if Subsection (a) granted authority to suspend statutes generally instead of only those that regulate the conduct of state business.

Did Subsection (a) authorize suspension of the vehicle registration statutes?  No. They define a couple of traffic offenses, specify defenses to them, and authorize courts to dismiss charges brought under them in some cases; they say nothing about procedures for the conduct of state business.  *See* Tex. Transp. Code §§ 502.407, 502.473.  So they are not subject to suspension under the Disaster Act.

We should clarify this now rather than wait for the next emergency.  Since the Court does not, I respectfully concur only in its judgment.


Delivered: August 23, 2023

Do not publish