————o————

CASTLEREIGH C. HAWKINS, Plaintiff in Error, *vs.* JOHN C. MASSIE, *et al.*, Defendants in Error.

1. *Practice, civil—Pleadings—Demurrer—Amended petition—Motion — Final judgment.*—An amended petition was substantially the same as a prior one to which a demurrer had been sustained, and a motion was made to strike it out, which it seems was sustained, when the court, the plaintiff declining to plead further, rendered judgment for the defendant on the demurrer theretofore sustained. *Held*, that the court could not act on the prior petition as it had been superseded by the amended one, and that judgment had not been rendered on the motion.

*Error to Buchanan Circuit Court.*

*B. R. Vineyard,* for Plaintiff in Error.

*Collins & Loan,* for Defendants in Error.

SHERWOOD, Judge, delivered the opinion of the court.

The case presented by the record is shortly this:

This cause came to the Buchanan circuit court by change of venue from the Holt circuit court. On its arrival an

amended petition was filed, and new parties defendant brought in thereby. Demurrers were sustained to this petition, though no formal judgment was entered. Plaintiff obtained leave to file a second amended petition, which he did at a subsequent term. The second amended petition was, with a few slight changes, of the same general tenor and effect as the first amended one. A motion was filed by defendants to "strike out" this second amended petition. This motion it seems was successful, though no final judgment was entered thereon. This entry, however, which has reference to the motion, appears of record.

" Come now the parties in the above entitled cause by their respective attorneys, and the motion to strike out the second amended petition of said plaintiff, is now here taken up, argued and submitted to the court, and is by the court sustained ; and the said plaintiff failing to file any further pleadings in this cause, and electing to stand on the pleadings herein, final judgment is now here by the court rendered for the said defendants upon the demurrer to plaintiff's petition heretofore sustained in this cause. It is therefore considered and adjudged by the court, that said plaintiff take nothing by his writ," etc., etc.

Now it is quite evident, that there is no judgment on the motion. The above entry is an anomaly in legal procedure. When an amended petition is filed, the former petition is at once superseded, or else the very end designed by the amendment fails of accomplishment. The court therefore did not possess the power to pass upon pleadings, which in legal contemplation had no longer an existence. And inasmuch as the motion was not passed upon, and is yet pending and undetermined in the lower court, we shall dismiss the writ of error for that reason.

Judge Vories absent, the other judges concur.