The State v. Simpkins.

THE STATE v. SIMPKINS *et al.*

1. **Appeal:** POINTS WAIVED BY SUBSTITUTED PETITION. Where an answer was filed, and therewith a motion to dissolve an injunction, and a demurrer to the answer was overruled and the injunction dissolved, and plaintiff then filed an amended and substituted petition, which was held bad on demurrer, and plaintiff appealed, *held* that this court, on such appeal, could not consider whether the court erred in overruling the demurrer to the answer and in overruling the injunction,—these points having been waived by the filing of the substituted petition.

2. **Injunction:** IN AID OF QUO WARRANTO. In a civil action in the nature of *quo warranto* to test official rights, brought by the county attorney in the name of the state, a preliminary injunction should not be issued restraining the defendants from performing the functions of their office.

3. **Pleading:** EFFECT OF SUBSTITUTED PETITION. Where a substituted petition is filed, the original petition is so far out of the case that it cannot be considered upon a demurrer to the substituted petition.

4.  Schools: INDEPENDENT DISTRICTS: NUMBER OF DIRECTORS TO BE
    ELECTED. Independent school districts having a population of five
    hundred or more are entitled to six directors, — two to be elected
    each year; and those of a smaller population to three directors only,
    —one to be elected each year. ( Code, secs. 1802, 1808.) *Held*
    that, where such a district has had six directors, and the requi-
    site population to justify that number, but the population has been
    reduced so as to fall below five hundred, it is entitled to elect only
    one director each year.

5.  ——— : ———: TOO MANY DIRECTORS: QUO WARRANTO: PARTIES.
    Where two directors are elected in one year in an independent
    district having a population of less than five hundred, while the
    law provides for the election of one only, it cannot be said that
    either is legally elected, and an action of *quo warranto* will lie
    against them both as individuals to test their right to the office,
    without making the district, or its inhabitants or directors, parties
    thereto.

*Appeal from Marshall District Court.*—HON. S. M.
WEAVER, Judge.

FILED, MAY 24, 1889.

THIS is an action in the nature of a *quo warranto*,
by which the right of the defendants to hold the office of
directors of the independent school district of Le Grand,
in Marshall county, is called in question. An injunction
was issued, and served upon the defendants, by which
they were temporarily restrained from performing the
functions of the office. The defendants filed an answer
and a motion to dissolve the injunction. The plaintiff
demurred to the answer. The demurrer was overruled,
and the motion to dissolve the injunction was sustained.
These orders and rulings were made in April, 1888.
Afterwards, and on the fifteenth day of August, 1888,
the plaintiff filed an amended and substituted petition.
A demurrer to this petition was sustained, and judg-
ment was rendered against plaintiff for costs, and the
state appeals.

*W. W. Miller*, County Attorney, and *Henderson &
Hargrave*, for appellant.

*Parker & Nichols*, for appellees.

ROTHROCK, J.—I. The plaintiff assigns error upon the ruling of the court upon the demurrer to the answer,

**1. APPEAL: points waived by substituted petition.**  and the order dissolving the injunction, and counsel have discussed these questions to some extent. We do not think it proper to consider these rulings. They were superseded by the amended and substituted petition. It is only necessary to say that the injunction was improvidently issued.

**2. INJUNCTION: in aid of quo warranto.**  The action was commenced by the county attorney in the name of the state, and there was no ground for an injunction, there being no proper parties to execute an injunction bond. It is true that the names of certain persons were incorporated in the original petition or information as relators, but by consent of the parties their names were stricken out of the petition.

II. The only question properly presented upon this appeal is whether the court erred in sustaining the

**3. PLEADING: effect of substituted petition.**  demurrer to the amended and substituted petition; and here we may say that all that part of the demurrer which attacks the petition upon facts set forth in the original petition must be ignored. The original petition was as foreign to any proper investigation of the legal sufficiency of the substituted petition as if the plaintiff had dismissed the original petition, and commenced a new action. Where a substituted pleading is filed in an action, the original may possibly be used as evidence against the party by reason of contradictory statements, or the like, but, on a demurrer to the substituted pleading, the two pleadings cannot be considered.

With these remarks as preliminary, we come to a determination of the question whether the substituted

**4. SCHOOLS: independent district: number of directors to be elected.**  petition sets forth a cause of action. The material facts set forth in the petition are as follows: The independent school district of Le Grand is composed of certain territory in Marshall county, excepting a small part of the district, which is in Tama county. It was originally organized as a district

having less than five hundred inhabitants, Six persons were acting as directors of the district in March, 1887, and the terms of two of said directors expired in March, 1888. Prior to March, 1888, the question was raised as to whether there were five hundred inhabitants in the district. At the election in March, 1888, part of the electors voted for one director, and the remainder voted for three; two of whom they claim were required by law to be elected, and the third was to fill a vacancy claimed to have been caused by the resignation of one of the "hold-over" directors. The party which voted for these directors was the victor at the polls, and three directors were declared to be elected, and they entered upon the duties of the office, It is averred in the petition as a fact that in March, 1888, and ever since that time, the population of the district has been less than five hundred, and not more than four hundred and twenty-five, and that only one person should have been elected at said election, and that there was no resignation, and no vacancy to be filled.

It is provided by section 1802 of the Code that at the organization of independent school districts six directors shall be elected, two of whom shall hold the office until the first annual meeting thereafter, two until the second, and two until the third annual meeting, their respective terms of office to be determined by lot. But in districts having a population of less than five hundred there shall be three directors. Under this section of the law, a district of five hundred inhabitants or more is required to have six directors, and those of less than five hundred shall have three directors; and by section 1808 of the Code districts with the larger population are authorized to elect two directors each year thereafter, and all those having a population of less than five hundred shall elect one director each year. As we have said, it is averred in the substituted petition that the district was originally organized as a district with less than five hundred inhabitants. But it is also alleged that for the year ending in March, 1888, there were six directors, and it is not claimed that all of them were

The State v. Simpkins.

not legally elected. This would imply that the population had increased so as to exceed five hundred. We then have this case: When the population of the district falls below five hundred, should the number of the directors be diminished accordingly? We think that under section 1808 of the Code, if the population be less than five hundred at the time of the election, two members should not be elected. Such seems to be the plain meaning of that section. There is no provision of the law for taking a census to ascertain the population of the district for the purpose of determining whether one or two directors should be elected. But, where the population is claimed to be less than that number, it is not at all difficult to ascertain that fact. It must be remembered that the averment of the petition that the population at the time of the election was less than five hundred is admitted by the demurrer. So far, then, as the present inquiry is concerned, we must regard that fact as conceded.

One ground of the demurrer was that the district, or the inhabitants thereof, or the directors, are not made parties to the action. This was not at all necessary. The action is a civil action, in the nature of a *quo warranto*, to test official rights. It is plainly authorized by chapter 6, title 20, Code; and, if the averments of the petition be true, the election was illegal, because two directors were elected when the election of but one was authorized by law; and, as they are both incumbents by the same right, it cannot be determined that one of them was lawfully elected, and the proceeding is properly directed against them as individuals. We think the demurrer to the substituted petition should have been overruled; and this disposition of the case renders it unnecessary to determine the motion to strike appellees' abstract from the files.                                        REVERSED.

5. ——:——:
too many
directors:
quo warranto:
parties.