JOHN D. WEBER *et al.* v. JOHN H. DILLON, *County Treasurer.*

(Filed July 30, 1898.)

1. TAXATION—*Territorial Board of Equalization—Powers.* The territorial board of equalization has power, in equalizing the returns of the several counties of the Territory, to adopt the returns of any county which, in its judgment, the most nearly represents the actual cash value of all of the property therein, and equalize all of the other counties of the Territory by either raising or lowering them, to conform to the returns of the county adopted as a standard; but such board has no power to raise the returns of any county above the actual value of all of the property therein contained; and if said board, in raising the total returns of any county, raise the assessed valuation of the property of any person or persons above its actual value, injunction will lie to restrain the collection of all taxes based on the valuation in excess of the true value thereof.

2. PETITION—*Sufficiency of—Allegations—Injunction.* A petition which alleges that a tax has been levied for the purpose of paying a judgment which is void by reason of having been rendered in excess of the 4 per cent. limit, without stating facts necessary to show that such judgment is void, does not state a cause of action; and it is not sufficient to authorize a court of equity to restrain the collection of such tax.

3. SAME—*Demurrer—Misjoinder of Parties.* When the territorial board of equalization, in equalizing the returns of the several counties of the Territory, raise a certain county 65 per cent., and 450 persons join in a suit to restrain such raise as to their individual properties, and allege that they each returned their respective property to the township assessors at its true value, and that the territorial board raised the assessed valuation thereof 65 per cent. above its true value, such petition is good as against a demurrer alleging that the same does not state facts sufficient to constitute a cause of action, but is not good as against a demurrer on the ground of improper joinder of several different causes of action; the causes of action of said plaintiffs being several, and not joint.

(Syllabus by the Court.)

*Error from the District Court of Blaine County; before J. C. Tarsney, District Judge.*

*Lookabaugh Bros., Victor Payne,* and *Moore & Moore,* for plaintiffs in error.

*Harper S. Cunningham, Attorney General,* and *J. C. Campbell,* for defendant in error.

Action by John D Weber and others against John H. Dillon, county treasurer of Blaine county. There was a judgment for defendant, and plaintiffs bring error. Remanded, with directions.

Opinion of the court by

BURWELL, J.: The plaintiffs in error, numbering over 450, commenced an injunction suit in the district court of Blaine county, against John H. Dillon, the county treasurer, to enjoin the collection of a portion of the taxes levied for the year 1897. The record in this case comes to this court on a transcript; and, notwithstanding the plaintiffs have caused to be included therein many papers and files other than those which constituted the judgment roll, they cannot be considered. (*Fisher v. U. S.,* 1 Okl. 252, 31 Pac. 195; *Kingman v. Pixley,* this volume, p. 351, 54 Pac. 494.)

The only record before us that we can consider is the petition, demurrer, and the orders and judgment of the trial court. The petition filed in the trial court is quite lengthy, and for that reason we will not set it out in full, but will state its contents. It alleges that plaintiffs bring their suit under section 265 of article 12 of chapter 66 of the 1893 Statutes of Oklahoma; that the illegal taxes sought to be enjoined exceed the sum of $2,000; that the plaintiffs are all tax-payers within the limits of Blaine county; and that John H. Dillon is the duly elected, qualified, and acting county treasurer of said county, charged and required by law to collect all taxes of all kinds—territorial, county, municipal, and other taxes,—

for·the year 1897, in Blaine county; that the property of each was duly and legally assessed by the assessors of their respective townships, and that the property of each of said plaintiffs was assessed at its actual cash value; that the county board of equalization equalized the assessments of the various townships returned to said county board of equalization, but did not change the aggregate assessment, as returned by the townships, and that the total assessed valuation of said county, as shown by such returns, is $232,801; that said county board of equalization reported said amount to the territorial board of equalization as the aggregate assessment of said county; that the territorial board, without any authority of law, in equalizing the several counties of the Territory, increased the aggregate assessment of the Territory from $24,000,000 to $32,000,000; that, in increasing the aggregate assessment of the Territory from $24,000,000 to $32,-000,000, the said territorial board raised the assessment of Blaine county 65 per. cent., which raise, for Blaine county, amounted to the sum of $151,321, making the total assessment $384,122, instead of $232,801; that by such territorial raise the assessed value of each of the plaintiffs was increased 65 per cent. above its true cash value.

The petition also contains the necessary allegations showing that the territorial raise had been extended upon the tax rolls of Blaine county, and that the treasurer threatened to and was collecting the same, and that they had made a tender of the taxes which they were legally bound to pay, but that the said treasurer refused to receive the same, or any part thereof. The petition also contains an allegation to the effect that the county

commissioners of Blaine county had levied a tax of 7 mills, to apply on certain judgments recovered by Willis Johnson and C. C. Shaw, amounting to $2,150 and costs, the same being placed upon the tax rolls by the county clerk, and that such rolls had been delivered to the county treasurer, and that such treasurer was collecting said taxes to apply on said judgments; that said judgments were wholly illegal and void, having been rendered against the said county of Blaine, in excess of the 4 per cent. limit, and in violation of the federal statute prohibiting the same; and that, unless enjoined and restrained, he would collect the whole of the levy so made, and pay it over to the said Shaw and the said Johnson. The petition then prays that the defendant, the county treasurer, be enjoined from collecting any of the taxes levied by the board of county commissioners, to pay said judgment, and also to enjoin the collection of the 65 per cent. raise of the territorial board.

To this petition the defendant interposed a demurrer, which, omitting the caption and indorsements, is in the following language: "Comes now the defendant, by his attorneys, and demurs to the petition filed herein, for the reasons, to-wit: (1) That said petition does not state facts sufficient to constitute a cause of action; (2) there is a misjoinder of causes of action; (3) that there is a misjoinder of parties plaintiff." The demurrer to plaintiffs' petition was by the trial court sustained, to which ruling of the court defendant [plaintiffs?] excepted; and, upon failure to plead over, the court rendered judgment in favor of defendant, and against the plaintiffs.

The question of the power of the territorial board of equalization to equalize the various assessments as re-

turned by the several counties was fully discussed in the case of *Wallace v. Bullen,* 6 Okl., 17-757, 52 Pac. 954, and in the case of *Bardrick v. Dillon,* this volume p. 535, 54 Pac. 785. In both of these cases it was held that the territorial board of equalization had the right and power in the exercise of its duties, to take the returns of any county in the Territory, which, in its judgment, most nearly represented the true cash value of the property therein contained, and equalize all of the returns of the other counties in the Territory of Oklahoma, by either raising or lowering them to conform thereto, notwithstanding such action by that board might raise or lower the total returns as reported by the several counties of the Territory. As these two cases have become the law of this Territory, we are bound by the doctrine as enunciated in them, and in this case hold that the territorial board of equalization did not exceed its power in increasing the aggregate returns of the various counties of the Territory, but that its action was clearly within the scope of its authority.

The allegations of the petition to the effect that the board of county commissioners had made a levy of 7 mills for the purpose of paying certain judgments, and that such judgments were void because they were in excess of the 4 per cent. limit at the time they were rendered, does not state facts to warrant the court in issuing an injunction to restrain the collection of the same. There is no allegation in the petition to the effect that the warrants or the indebtedness on which said judgments were rendered was contracted in excess of the 4 per cent. limit. This would have to appear affirmatively, and it would not be sufficient to allege conclusions; but

the plaintiffs would have to set up the facts, and show to the court thereby that the indebtedness for which the judgments were rendered was contracted or created in excess of the 4 per cent. limit.   But, even if the judg-ments referred to in the petition were void, that would be no good reason for enjoining the collection of the taxes.   The proper remedy would be to enjoin the pay-ment of the judgments.   (See *Bardrick v. Dillon, supra.*) "We do not consider the allegations of fraud in the peti-tion as worthy of extended consideration.  Fraud cannot be pleaded by alleging conclusions. The facts constitut-ing the fraud must be specifically set forth, in order that the court may determine the sufficiency of such acts to constitute fraud.   It is no sufficient charge of fraud that the board of county commissioners have contracted illegal debts which they are desirous of raising funds to pay.   The levy of taxes is for the purpose of raising rev-enues to meet the current expenses of the county and subordinate municipalities.  If an excessive levy is made, and more funds are raised than are required for legiti-mate expenses, a court of equity will, on proper applica-tion and showing enjoin the payment of illegal indebted-ness, but will not enjoin the collection of county revenues on the uncertain and speculative allegation that the board will, if they collect the revenues, misapply them.   *   *   Nor will a court cripple the municipal govern-ment by enjoining collection of her revenues for the rea-son that she has created obligations in excess of the 4 per cent. limit fixed by act of congress on the powers of territorial municipalities.   Something more must be shown.   It must be made to clearly appear that the amount of the liabilities, the assessed valuation for rev-enue purposes at the time the several obligations were

created or imposed, the assets of the county, the purposes for which the obligations were created, and all other facts necessary to make it appear to the court clearly that such obligations are void, and that the revenues claimed are not required for other legitimate obligations and current expenses."

If a special demurrer had been directed to this particular count of the petition, it should have been sustained; but the demurrer was a general demurrer, and if the entire petition, taken as a whole, states a cause of action, a demurrer will not lie. Section 6 of the Organic Act creating this Territory provides that all property shall be taxed in proportion to its value. Congress having fixed this standard for taxing all property within the Territory, no person can be compelled to pay taxes on a valuation which is largely in excess of the true value of his property. It shall be taxed in proportion to its value; no higher, no lower. If property is assessed in this manner, each will bear his just proportion of governmental burdens. This is what congress intended. The plaintiffs allege that their properties were assessed by the township assessors at the true cash value in the first instance; and that the raise made by the territorial board of equalization, increasing the total returns of the county, increased the valuation of plaintiffs' properties 65 per cent. above the true cash value thereof. This cannot be done; and, notwithstanding the fact that the territorial board acted within the scope of its authority when it raised Blaine county 65 per cent., it must be remembered that that board only deals with the assessment returns of each county as a whole, and not with individual assessments. If all of the property in Blaine county, as a

whole, was returned at 35 per cent. of its true value, instead of 100 per cent. of it, it was the duty of the territorial board to raise it up to its true value; but if, in making such raise, it raises the assessed valuation of property which had already been returned at its true value, each person so affected may invoke a court of equity to restrain all of such raise, because such raise would be illegal as to him. This being true, we think that the petition stated facts sufficient to constitute a cause of action; and, if the plaintiffs sustain their allegation, they are entitled to be relieved from paying taxes on that part of the valuation which is in excess of the true value of their properties.

The second and third counts in the demurrer are that there is a misjoinder of causes of action, and that there is a misjoinder of parties plaintiff. Misjoinder of parties plaintiff is not a ground for demurrer under our practice. Section 89 of chapter 66 of the Code of Civil Procedure, (Statutes of Oklahoma, 1893,) provides: "The defendant may demur to the petition only when it appears upon its face, either: (1) That the court has no jurisdiction of the person of the defendant, or the subject of the action; (2) that the plaintiff has no legal capacity to sue; (3) that there is another action pending between the same parties for the same cause; (4) that there is a defect of parties, plaintiff or defendant; (5) that several causes of action are improperly joined; (6) that the petition does not state facts sufficient to constitute a cause of action." It will be seen from the foregoing section that the third count of defendant's demurrer, on the ground of a misjoinder of parties, does not come within the provisions of this section. If there are too

many parties plaintiff, or persons are made plaintiffs who are not interested in the subject matter of the action, and are not proper parties plaintiff, the error must be corrected in some other way.

In *McKee v. Eaton*, 26 Kan. 226: "Where there is a misjoinder or an excess of parties plaintiff, there is not a defect of parties. A demurrer on account of defect of parties plaintiff is given by law only for a defect, and not for an excess. This is not a proper ground for demurrer; and, while the order and judgment of the trial court does not show on what ground the demurrer was sustained, we take it that it must have been upon the ground that there were several causes of action improperly joined. Our statute authorizes a demurrer if there is a defect of parties plaintiff or defendant. A demurrer on this ground will lie only where some necessary party has not been made a party to the suit. It cannot reach a misjoinder of parties. (*Stiles v. City of Guthrie*, 3 Okl. 26, 41 Pac. 383.)

This brings us to a consideration of that part of the demurrer which alleges that several causes of action are improperly joined. It is claimed by plaintiffs that they commenced their suit under section 265 of the Code of Civil Procedure of the Statutes of Oklahoma, which section is as follows: "An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce the same; and any number of persons whose property is affected by a tax or assessment so levied may unite in the petition filed to obtain such injunction. An injunction may be granted in the name of the Territory to enjoin and suppress the keep-

ing and maintaining of a common nuisance. The petition
therefor shall be verified by the county attorney of the
proper county, or by the attorney general, upon informa-
tion and belief, and no bond shall be required." This
section gives each of the parties the right to maintain a
separate suit to enjoin an illegal tax; but we hardly
think its provisions broad enough to permit several per-
sons to join in a suit to restrain a tax which is illegal
only as against their separate properties. An illegal tax,
as contemplated by section 265, is a tax which any citi-
zen or number of citizens can enjoin the collection of,
and which affects all taxpapers or all of a certain class
of property alike. The tax complained of is not an illegal
tax as against all taxpayers, nor as against any particu-
lar class of property. It is illegal as to these plaintiffs,
because their properties are assessed too high. This be-
ing true, their actions are several, and not joint. This
doctrine has been well established, not only by the de-
cisions of this Territory, but by the courts of other states.
(*Bardrick v. Dillon, supra*; *Hudson v. Commissioners*, 12
Kan. 140.)

The court, in the case last above cited, says that section
265 applies. "Where a tax is illegal in the abstract, illegal
in and of itself, illegal as applied to every owner of tax-
able property in the county or district, then every person
who has property affected by such illegal tax, or so many
of them as may choose, may unite in an action to re-
strain the collection of such tax, * * but when the tax,
as a tax, is valid—as, for instance, an ordinary county tax
or state tax or school tax,—but becomes illegal only as ap-
plied to particular persons or property or to particular
cases, then each person severally interested must sue

alone." Several persons cannot join in a suit to restrain the collection of a tax where separate judgments would have to be entered as to each. It must be a case where a joint judgment can be entered as to all the plaintiffs. That cannot be done in this case.

We think there is an improper joinder of several differ-ent causes of action, and that the demurrer was properly sustained for this reason; but, in our opinion, the judg-ment of the trial court, under the circumstances in this case, should not be made final. Section 92 of chapter 66 of the Code of Civil Procedure, (Statutes of Oklahoma, 1893,) provides: "When a demurrer is sustained, on the ground of misjoinder of several causes of action, the court, on motion of the plaintiff, shall allow him, with or without costs, in its discretion, to file several petitions, each including such of said causes of action as might have been joined; and an action shall be docketed for each of said petitions, and the same shall be proceeded in without further service." When the demurrer was sustained to the plaintiffs' petition, the plaintiffs, if they desired to further prosecute their respective suits, should have filed their several motions asking that they be al-lowed to file separate petitions and continue their suits; but this was not done. Still, we think it equitable in this case that they have this privilege, because the jour-nal entry sustaining the demurrer does not show on which count it was sustained and counsel for plaintiffs may have thought it was for one of the other causes named therein.

For the reasons herein stated, we hold that the de-murrer was properly sustained to plaintiffs' petition on account of the improper joinder of several different causes

of action, but direct that the cause be remanded to the lower court with directions to permit the plaintiffs, on motion, to file separate petitions, upon the filing of which the clerk of the district court will docket each petition as a separate suit; and said causes shall proceed to trial the same as if such suits had been originally commenced in that way. The costs of this appeal are taxed to plaintiffs in error. The clerk will issue a mandate to the trial court in accordance herewith.

Tarsney, J., having presided in the court below not sitting; all of the other Justices concurring.