## J. M. LEE, *County Treasurer, et al.* v. A. MEHEW *et al.*

### (Filed Feb. 11, 1899.)

1. PLEADING — *Demurrer — Error.* Where an answer explicitly denies a material fact stated in plaintiffs' petition, which fact is essential to the plaintiffs' right of recovery, it is manifest error to sustain a demurrer to such answer on the ground that it does not state a defense to the plaintiffs' cause of action.

2. TAXATION—*Equalization—Basis.* Under our revenue law, a county board of equalization, as a basis for equalization, may take the assessment roll of any township or townships which in their judgment the most nearly represents a true cash valuation, and may add to or deduct from the other townships such per cent. as will cause them to conform in valuation to the one (or more) adopted as a basis, and such method is within the powers of the board in equalizing the assessment rolls of the several townships, notwithstanding such method may either increase or decrease the aggregate valuation of the county, as shown by the several township returns.

3. BOARDS OF EQUALIZATION—*Limitation of Powers.* The law requires all property to be assessed at its true cash value, and the board of equalization, in exercising its powers of equalizing the various assessment rolls, has no authority to increase the valuation of the property of any individual in excess of its true cash value, and, if such excessive valuation results from such equalization, a court of equity will enjoin the tax levied on the excess. (*Bardrick v. Dillon,* 7 Okla. 535, 54 Pac. 785.)

4. INJUNCTION—*Petition For—Insufficient.* The bare allegation that the county board has fraudulently contracted liabilities in excess of the 4 per cent. limit is not sufficient grounds upon which to enjoin the collection of a tax for general revenue purposes. It must be made to clearly appear from the allegations of the petition what the last assessed valuation of the county was prior to contracting such indebtedness, the purposes for which it was contracted, the total legal outstanding indebtedness of the county at the time such debt was created, the available assets of the county at the time, and that said revenues are not required to meet ordinary current expenses of the county.

(Syllabus by the Court.)

*Error from the District Court of Kinfisher County; before Jno. L. McAtee, District Judge.*

*John B. Moffett*, for plaintiffs in error.

*Hobbs & Kane*, for defendants in error.

Suit by A. Mehew and others against J. M. Lee, county treasurer, and others, to restrain the collection of taxes. Judgment for plaintiffs. Defendants bring error. Reversed.

Opinion of the court by

TARSNEY, J.:   This is an action commenced by defendants in error to restrain the plaintiffs in error, the treasurer and board of county commissioners of Kingfisher county, from collecting certain taxes for the year 1395, alleged to be excessive and illegal by reason of the action of the county board of equalization of said county in raising the aggregate value of all the property of said county over the values fixed thereon and returned by the several township assessors.   This case was brought to this court during the June term, 1896, and submitted to be considered with, and determined by, the conclusion reached in *Wallace v. Bullen,* 6 Okla. 17, 52 Pac. 954, and other cases submitted at the same term, which by this court, from statements of counsel, was assumed to involve questions identical.   The record in this case was not examined at that term of court, but, when the opinion in *Wallace v. Bullen* was handed down, a *pro forma* order was made disposing of this and other cases upon the authority of that case, and no opinion was filed herein, but an order was made reversing and dismissing this cause. A motion for rehearing was subsequently filed, and the cause is now considered and determined upon said motion for rehearing.

The plaintiffs below, 16 in number, filed their petition for injunction, alleging in their petition three causes why the tax sought to be collected should be declared illegal, and the defendants restrained from attempting to collect the same: (1) That the county board of equalization had no authority, in equalizing the assessments between the various townships of the county, to equalize the same in such manner as to increase the aggregate valuation of all the property in said county beyond the aggregate of the values returned by the several township assessors, and plaintiffs alleged in their petition facts showing that such had been the manner in which the assessments upon which the taxes in question were based had been equalized; (2) it was alleged in the petition that each of the plaintiffs had listed his property at its true cash value, and that the same had been returned by the township assessor at its true cash value, and that the action of the board of equalization greatly increased and fixed the values of their property at a valuation far in excess of its true cash value, and that upon such wrongful valuation, so fixed, the taxes in question were sought to be levied; and (3) the said petition alleged: "That while in session as a board of equalization, as aforesaid, said defendants J. D. Mott *et al.*, under pretense of equalizing said assessment rolls between said townships and districts, but in fact, for the purpose of enabling said county to contract a greater debt than the appraised value of all the property in the county at its actual cash value, as returned by the said assessors, would justify under the law and for the purpose of legalizing warrants of said county drawn in excess of 4 per cent. of the assessed value of all the taxable property of said county, did, without any war-

rant of law, and in excess of their authority as a board of equalization, and without notice to said plaintiff, raise and increase the value of all the property in the above-mentioned townships; * * that the aggregate value of all the property in said township was raised and increased by said board of equalization, as aforesaid, $343,410 over and above its actual cash value."

To this petition the defendants filed what is styled a "Motion to Vacate Injunction," but which, in fact, was considered and treated by the court as a demurrer to the petition. But this paper contained but one ground which, under our Code of Civil Procedure, is recognized as a ground of demurrer, viz.: "The petition does not state facts sufficient to authorize the issuing of this injunction." Before this demurrer was acted upon by the court, the defendants filed an answer, to which the plaintiffs demurred for the reason "that said answer does not state facts sufficient to constitute a defense to the cause of action of the plaintiffs, set forth in their petition herein." The court overruled the demurrer of the defendants to the plaintiffs' petition, and sustained the demurrer of the plaintiffs to the defendants' answer, and rendered judgment in favor of the plaintiffs, perpetually enjoining the collection of the taxes in question, from which judgment the defendants appealed to this court.

It is not necessary that we should consider the question whether defendants, by filing an answer in the cause while their demurrer to the petition was pending and undisposed of did not thereby waive their demurrer, as we are of the opinion that the demurrer to the petition, considering it upon its merits, was not well taken. If any cause of action is stated in the petition, a demurrer on the ground that the petition does not state a cause of action

will not be sustained, although there may be other causes alleged which would be bad as against a demurrer. The first cause of action alleged in this petition, viz. that showing that the board of equalization in equalizing between the several townships, greatly increased the aggregate of valuation of all the property in the county over the aggregate of valuations returned by the several assessors, and the legality of such action, was fully considered and determined by this court, and held to have been taken with full authority of law, in the case of *Bardrick v. Dillon*, 7 Okla. 535, 54 Pac. 785.

In regard to the third cause of action alleged in said petition, viz. that the action of the board of equalization was fraudulent, not made in good faith, for the purpose of obtaining an equal and proper assessment of all taxable property in the county, but for the purpose of enabling said county to contract a greater debt than the appraised value of all the property in the county at its actual cash value as returned by the assessors would justify under the law, and for the purpose of legalizing warrants of said county drawn in excess of 4 per cent. of the assessed value of all the taxable property of said county, it did not state any cause of action. This allegation, substantially, was directly passed upon by this court in *Bardrick v. Dillon, supra,* wherein Mr. Chief Justice Burford says:

"We do not consider the allegations of fraud in the petition as worthy of extended consideration. Fraud cannot be pleaded by alleging conclusions. The facts constituting the fraud must be specifically set forth in order that the court may determine the sufficiency of such facts to constitute fraud. It is no sufficient charge of fraud that the board of county commissioners have contracted illegal debts which they are desirous of raising

funds to pay. The levy of taxes is for the purpose of raising revenues to meet the current expenses of the county and subordinate municipalities. If an excessive levy is made, and more funds are ra'sed than are required for legitimate expenses, a court of equity will, on proper application and showing, enjoin the payment of the illegal indebtedness, but will not enjoin the collection of county revenues on the uncertain and speculative allegation that the board will, if they collect the revenues, misapply them. (*City of Olympia v. Stevens,* [Wash.] 47 Pac. 11; *Town of Lemont v. Singer & Tolcott Stone Co.,* 98 Ill. 94.) Nor will a court cripple a municipal government by enjoining collection of her revenues for the reason that she has created obligations in excess of the 4 per cent. limit fixed by act of congress on the powers of territorial municipalities. Something more must be shown. It must be made to clearly appear that the amount of the liabilities, the assessed valuation for revenue purposes at the time the several obligations were created or imposed, the assets of the county, the purposes for which the obligations were created, and all the facts necessary to make it appear to the court clearly that such obligations are void, and that the revenues claimed are not required for other legitimate obligations and current expenses. (*Maish v. Arizona,* 164 U. S. 599, 17 Sup. Ct. 193.) The allegations of fraud consist mostly of conclusions and speculations, and are insufficient. In the absence of a clear showing to the contrary, it will be presumed that the taxing officers acted in good faith and with honest motives."

From the authorities cited, it must clearly appear that neither the first nor third causes of action attempted to be set up in this petition would support a judgment; but the second cause of action pleaded does state facts good against a demurrer, and, if true, would authorize the granting of the relief prayed for. This court has repeatedly held that boards of equalization have no authority

to increase the valuation of property for the purposes of assessment beyond its true or actual value; and that if a property owner returns his property at its true cash value, and the taxing authorities fix a higher valuation thereon, and levy taxes upon such higher valuation, a court of equity will restrain the collection of so much of said tax as arises from such execessive valuation. But the allegations in a petition that the property was returned at its actual cash value, and that by the action of a board of equalization such valuation was excessively increased, is not conclusive. The defendant may deny this allegation by answer, and thus present an issue of fact, upon the determination of which the right of the plaintiff to recover must depend. The answer of the defendants in this case clearly and explicitly denied the truth of this allegation in plaintiff's petition, so essential to the right of the plaintiffs to recover. The answer states: "Defendants especially deny that the said board of equalization raised and increased the value of the real and personal property aforesaid beyond its true cash value, or that the aggregate value of all personal or real property in the several townships of said county was raised and increased by said board of equalization over and above its true cash value." This answer, if true (and the demurrer admitted it to be true,) presented a complete defense to the only cause of action stated in plaintiffs petition. It must be manifest that the court erred in sustaining the demurrer to this answer.

It follows that the former judgment of this court herein, reversing the court below, was correct. Under the rulings of this court in *Bardrick v. Dillon, supra,* and *Weber v. Dillon,* 7 Okla. 568, 54 Pac. 894, the petition in this case would be held bad against a demurrer on the

ground of misjoinder of causes of action; it being in those cases held that, for the cause of action herein stated, the several plaintiffs could not join in the one action. Under the ruling in those cases, this cause ought not to be dismissed, but should be remanded to the court below, with instructions to permit the several defendants in error herein, if they so desire, to further prosecute their respective suits, to file their several motions asking that they be allowed to file separate petitions, and prosecute their several cases of action, under the provisions of section 92, ch. 66, Statute 1893.

Judgment reversed, and cause remanded, with instructions to permit the several defendants in error to proceed as herein indicated.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.