RAILROAD v. HOUSE.

. (*Nashville.* February 3, 1900.)

AMENDMENT. *Declaration.*

An amended declaration, complete in itself, and which does not adopt or refer to the original supersedes and destroys the original as a pleading, and, if defendant pleads to the amended declaration, any error the Court may have committed in over-ruling demurrer to the original declaration is waived and cured.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. J. W. BONNER, J.

SMITH & MADDIN for Railroad.

ESTES & ESTES and J. D. BRIEN for House.

BEARD, J. This is an action to recover damages for personal injuries. A declaration was filed. To this there was interposed a demurrer, which was overruled. The defendant then put in its pleas. Subsequently the plaintiff filed what is styled an amended declaration, which, with an immaterial change, is a copy of the original declaration. To this the defendant plead the general

issue, and the case proceeded to verdict and judgment. On the present appeal the railroad assigns error on the action of the trial Court in overruling its demurrer to the original declaration. This assignment is not well taken. The rule is, the original complaint is superseded and its effect as a pleading destroyed, by filing an amended complaint complete in itself, and which does not refer to, or adopt the original as a part of it. *Roderick* v. *Baltimore R. R.,* 7 W. Va., 54; *Wood* v. *Gibbs,* 35 Miss., 559; *Hawkins* v. *Massie,* 62 Mo., 552; *Gilmore* v. *Cosgrove,* 22 Cal., 354; *Jones* v. *Frost,* 28 Cal., 245; *Kay* v. *Fondrigal,* 3 Pa. St., 221; *State* v. *Simpson,* 77 Ia., 676; *McFaddin* v. *Ellsworth,* 8 Nev., 57.

With the original declaration went also the demurrer and pleas to it, and the case thereafter stood on the issue made by the plea to the amended declaration.

Judgment of the Circuit Court is affirmed.