Territory ex rel. Johnston, Co. Atty., et al. v. Woolsey et al.

TERRITORY *ex rel.* JOHNSTON, *Co. Atty., et al.* v.
WOOLSEY *et al.*

No. 2077.    Opinion Filed March 11, 1913.

(130 Pac. 934.)

1. MUNICIPAL CORPORATIONS—Fraudulent Claims—Settlement—
Taxpayers' Action—Persons Entitled to Sue.  By reason of sec-
tions 7413 and 7414, Comp. Laws 1909, upon the performance of
conditions therein prescribed, an action may be maintained in
the name of the state on relation of one or more resident tax-
payers of a city against any officer of a city who has transferred
property of the city or paid out its money in settlement of a
claim known to such officer to be fraudulent, or void, or in pursu-
ance of any unauthorized, unlawful, or fraudulent contract and
against any person to whom or for whose benefit such money shall
have been paid, to recover the property or double the value of
the property so transferred, or double the amount of money so
misappropriated.

2. SAME—Fraudulent Payment—Actions—Authority of County At-
torney.  Said statute does not authorize an action to be maintained
for the purposes therein mentioned in the name of the state on
the relation of the county attorney.

3. SAME—Property Unlawfully Disposed of—Action Against Officer
—Limitations.  Said statute, in so far as it authorizes an action
to be maintained in the name of the state for the recovery of
double the value of the property transferred or double the amount
of money so misappropriated, or money unlawfully paid out,
authorizes the recovery of a penalty; and such action, by reason
of section 5550, Comp. Laws 1909, must be brought within one
year after the cause of action accrues.

4. LIMITATION OF ACTIONS—Raising Defense of Statute—De-
murrer.  Where a petition upon its face shows that the cause of
action is barred by the statute of limitation, it is proper to sus-
tain a demurrer thereto upon that ground.

5. PLEADING—Petition—Amendment.  Where an amended petition
is not made as an amendment to the preceding petition or peti-
tions, but is made as a substitute and is a complete petition in
itself and contains no reference to any prior petition or petitions
or to the exhibits thereto attached, the allegations of the prior
petitions, except as repeated in the amended petition, are aban-
doned, and the court cannot look to preceding petitions for the
purpose of a demurrer to the amended petition.

(Syllabus by the Court.)

*Error from District Court, Noble County;*
*W. L. Barnum, Judge.*

Action by Territory of Oklahoma, on relation of Henry S. Johnston, County Attorney, and others, against J. P. Woolsey and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*H. A. Johnson,* for plaintiffs in error.

*James B. Diggs* and *S. H. Harris* (*H. B. Martin,* of counsel), for defendants in error.

HAYES, C. J. This action was instituted in the district court of Noble county in the name of the territory of Oklahoma, on relation of Henry S. Johnston, as county attorney of Noble county, and on the relation of 27 resident taxpayers of the city of Perry. The action was begun and prosecuted for the recovery of $60,282.34, being double the amount alleged to have been misappropriated by the defendants in error J. P. Woolsey, as mayor of the city of Perry, and W. H. Kirchner, James Lobsitz, J. C. Fleming, L. B. Le Grant, E. R. Stagg, and C. G. Jones, as members of the city council of the city of Perry, and John Knox, as treasurer of the city, from the funds of said city for the purpose of procuring a right of way for the Arkansas Valley & Western Railway Company through the city.

The action is prosecuted under the authority of an act of the Legislature of March 8, 1901 (Sess. Laws 1901, p. 169; sections 7413, 7414, Comp. Laws 1909). The provisions of the act controlling the case are to be found in sections 2 and 3 thereof, which, in so far as they are applicable to the issues here involved, are as follows:

"Sec. 2. That every officer of any * * * city, * * * who shall hereafter order or direct the payment of any money or transfer of any property belonging to such * * * city * * * in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made, or attempted to be made for any such * * * city * * * by any officer or officers thereof, and every person having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract

shall have been made, or to whom, or for whose benefit such money shall hereafter be paid, or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be further jointly and severally liable to the  *  *  *  city  *  *  * affected for double the amount of all such sums of money so paid, and double the value of the property so transferred as a penalty to be recovered at the suit of the proper officer of said  *  *  * city,  *  *  *  or of any resident taxpayer thereof, as hereinafter provided.

"Sec. 3.   That upon the refusal, failure or neglect of the proper officer of any  *  *  *  city, after written demand made upon them by ten resident taxpayers of such  *  *  *  city to institute or diligently prosecute proper proceedings at law or in equity for the recovery of any money or property belonging to such  *  *  *  city, paid out or transferred by any officer thereof, in pursuance of any unauthorized, unlawful, fraudulent or void contract, made or attempted to be made, by any of its officers for any such  *  *  *  city, or for the penalty provided in section 2 of this act, any resident taxpayer of such  *  *  * city affected by such payment or transfer after serving the notice aforesaid and after giving security for costs, may, in the name of the territory of Oklahoma, as plaintiff, institute and maintain any proper action at law or in equity, which the proper officers of the  *  *  *  city might institute and maintain for the recovery of such property, or of said penalty, and any such municipality shall in such event be made defendant, and one-half the amount of money, and one-half of the value of the property recovered in any action maintained at the expense of a taxpayer under this action, shall be paid to such resident taxpayer as a reward."

To the original petition a motion to make more definite and certain was sustained.   An amended petition was filed to which was attached as exhibits the warrants upon which it is alleged the money was illegally paid out by defendants in error.   Afterwards, a second amended petition was filed, to which a demurrer was sustained, and, plaintiffs in error refusing to plead further, judgment was rendered, dismissing the cause, from which judgment this appeal is prosecuted.

The demurrer, sustained to the second amended petition, contains numerous grounds, but not all of them were urged in the court below.   The principal grounds relied upon are that there is a

misjoinder of parties plaintiff, and that the action was barred by the statute of limitations. Counsel for defendants in error state in their brief in this court that the propositions of law raised by their demurrer are: First. A number of persons having distinct causes of action against a defendant or defendants cannot join in an action as plaintiffs against such defendants for the purpose of enforcing such demands. ῾In order for persons to be joined as plaintiffs in an action, they must have some joint or common interest in the cause of action stated in the petition against the defendants. Second. That the statute authorizes the suit to be maintained upon the relation of one taxpayer only; and that such suit cannot be maintained by several taxpayers jointly. The third and fourth propositions are that the action is barred, either in whole or in part, by the statute of limitations.

In view of the number of times it as been held that the misjoinder of parties plaintiff is no ground for demurrer to the petition under our Code, we cannot treat the proposition presented by the first ground of demurrer as an open one in this jurisdiction, and we therefore shall not review the numerous authorities cited by counsel in their brief from other jurisdictions in support of their contention. *Stiles v. City of Guthrie,* 3 Okla. 26, 41 Pac. 383; *Weber v. Dillon,* 7 Okla. 568, 54 Pac. 894; *Martin v. Clay et al.,* 8 Okla. 46, 56 Pac. 715; *Lee et al. v. Mehew et al.,* 8 Okla. 136, 56 Pac. 1046; *Choctaw, O. & G. Ry. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271.

Assuming, as contended by counsel for defendants in error, that the petition states a separate cause of action in favor of the several taxpayers and not a joint one, and that the demurrer attacks the petition upon the ground of misjoinder of causes of action also, still plaintiffs' action should not have been dismissed. While a petition that states separate causes of action in favor of several parties plaintiff is vulnerable to demurrer on the ground of improper joinder of several causes of action, the trial court in sustaining the demurrer upon such ground should not dismiss the action without giving the plaintiffs an opportunity to file their several petitions, if they desired to further prosecute their respective suits upon request for an opportunity to do so.

*Weber et al. v. Dillon, supra; Martin v. Clay et al., supra.* Waiving the foregoing rule, however, the contention of defendants in error that the statute, in that it provides that suit may be instituted and maintained by "any resident taxpayer of such city," authorizes the suit to be prosecuted in the name of the territory or state on the relation of only one taxpayer, is not sound. It is true that the action is a statutory one, and he who seeks to prosecute it must find all of his authority within the terms of the statute; and the statute, in so far as it imposes upon the offending officer a liability for double the amount of any money misappropriated or double the value of any property wrongfully transferred, is penal in its character. All the authorities hold that "penal statutes" include any act which imposes by way of punishment any pecuniary mulct or damages beyond compensation for the benefit of the injured party or recoverable by an informer, or which for like purpose imposes any special burden or takes away or impairs any privilege or right. Section 531, Lewis' Sutherland, Stat. Const. This statute clearly falls within the foregoing definition, and is to be, like all penal statutes, strictly construed. *Commonwealth v. Winchester,* 3 Clark (4 Pa. Law J. 371) 34, *Vinton et al. v. Welsh,* 9 Pick. (Mass.) 87, and *Fowler v. Tuttle,* 4 Fost. (24 N. H.) 9, are relied upon to support the contention that "any resident taxpayer" should be strictly construed to mean only one taxpayer. These cases involve statutes in character similar to the one here under consideration, but the decisions therein were made without reference to any statute similar to the one existing in this state, subsequently considered. If any such statute existed in states from which those decisions came, the court did not refer to them.

By section 2964, Comp. Laws 1909, it is provided that in all statutes a word used in the singular number includes the plural, and the plural, the singular, except where a contrary intention plainly appears. It does not plainly appear from this act that it was intended that the singular term used should not include the plural. On the other hand, a consideration of this phrase in connection with the context indicates a different legislative intent. An action cannot be instituted by a taxpayer or taxpayers until

two things have occurred, in addition to the unlawful act of the officers: First, the officer whose duty it is to prosecute an action for the recovery of the money misappropriated or the property wrongfully transferred and for the penalty must have failed to prosecute such action; and, second, such failure and refusal must have occurred after demand therefor by ten resident taxpayers of the city. In the initial step to prosecute an action under this statute by a taxpayer more than one taxpayer, to wit, ten, must participate. There can be no reason why it should be required that the procedure in part should be participated in by ten taxpayers, but that the remaining steps of the prosecution must be participated in by only one taxpayer. On the other hand, there is reason why fewer than the required · number to make the demand upon the officer should be permitted to prosecute the suit; for it could easily occur that taxpayers, knowing the violation of the law and the misappropriation of property by the officer of the municipality, would be willing to demand that the officer whose duty it is to bring suit should perform his duty, and yet not be willing, out of aversion to litigation or unwillingness to incur expense by participating in the prosecution of an, action, to join in the prosecution of the action. A suit prosecuted by and on the relation of more than one taxpayer places upon the defendant no greater burden than a suit prosecuted by one. It in no way ·increases his liability. One penalty only is demanded, and any defense he may have cannot be prejudiced by the joinder of plaintiffs. In this contention we are supported by the following cases in point: *Wells v. Cooper,* 57 Conn. 52, 17 Atl. 281; *Chaput v. Robert,* 14 Ont. App. Rep. 354; *State ex rel. Carter v. Wilmington & Weldon R. R. Co.,* 126 N. C. 437, 36 S. E. 14.

The statute, however, does not authorize the action to be maintained in the name of the territory or state on relation of the county attorney. The state has no interest in the action; it receives no benefit from its prosecution; and, although it is made by the statute the nominal party, the real parties in interest are the informers and the city, which, by the statute, is required to be made a defendant; and the only persons authorized to inform

and prosecute the action in the name of the state are resident taxpayers. In so far as the statute authorizes the recovery of a penalty, the rule of strict construction applies as to who may recover, and only those named in the statute may prosecute the action; and, since the county attorney is not named, he is without authority to prosecute the action, either in his own name, or in the name of the state.

The second amended petition of plaintiffs in error is divided into two paragraphs. In the first paragraph, in addition to alleging jurisdictional facts, they allege the misappropriation by the defendant city officers of the sum of $30,141.17 of money belonging to the city of Perry, which they allege was paid out by the city officers in pursuance of an unauthorized, unlawful, and void contract attempted to be made between the officers and the railway company. The date of this contract they allege is unknown to them. They then refer to the foregoing act of 1901, and allege that by reason thereof the defendants and each of them are liable to the city for the sum unlawfully paid out; and, after alleging demand upon the officers of the city whose duty it is to prosecute this action, and failure of such officers to do so, they ask judgment for the sum of $30,141.17 as the amount of money misappropriated. The second paragraph, by reference, realleges all the facts alleged in the first paragraph, and, in addition thereto, alleges that by reason of the act of the Legislature of 1901 the defendants are severally and jointly liable for the money so paid out as a penalty, and the plaintiffs are entitled to recover the further sum of $30,141.17 as a penalty. Although it appears that they have attempted by thus dividing up their two amended petitions to state two causes of action, the petition as a whole states in fact but one cause of action, which is the right to recover the penalty imposed by the statute in double the amount of the money misappropriated. The second section of the statute, *supra*, creates two liabilities and authorizes two actions: First, an action by any innocent person for any damages he may have sustained by reason of the unlawful act of the officers' misappropriating or unlawfully transferring the property; and, second, an action by the city or by the resident taxpayers for double the

amount of any money misappropriated or the value of any property illegally transferred as a penalty. Section 3 prescribes the procedure that must be taken by the taxpayers in the prosecution of an action by them when they have not sustained any damage by the unlawful acts of the delinquent officer or officers. Under the procedure prescribed, the right of action to a taxpayer does not accrue, unless the officers of the city whose duty it is to prosecute the action for the city refuse to do so after demand made by ten resident taxpayers of the city. In the event such officer or officers refuse to institute or diligently prosecute such an action "for the recovery of any money or property belonging to such city, * * * or for the penalty provided in section 2, * * *" then the resident taxpayers may institute and maintain an action "for the recovery of such property or for such penalty," one-half of the money or one-half of the value of the property recovered in the action maintained by the taxpayer goes to the taxpayer as reward for his services, and the other half to the city.

It will be observed that the demand is to be made upon the proper officers of the city to bring action "for any money or property belonging to the city"; but the authority of the taxpayer to bring the suit is to bring an action for the recovery of such property or for said penalty. The legislative purpose of these provisions undoubtedly was to provide a sure means for the city to recover property or money unlawfully expended or transferred by its officers at as little loss to the city as possible. Hence it was provided that, where property had been transferred, the taxpayer may bring suit to recover the identical property transferred. This is important, for in many instances a personal judgment for double the value of the property might be worthless; and, by refusal of the proper officers to prosecute the action, authority to the taxpayer to prosecute the action for a money judgment only would afford the city no relief. On the other hand, where the action is to be prosecuted by the taxpayer for a money judgment as for the value of the property or for the amount of money misappropriated, such action must result in loss to the city, in that one-half of the amount recovered goes to the informer as

his reward. Hence the authority to the taxpayer is to prosecute an action, not for the money misappropriated, but for the penalty provided by section 2, which is double the amount misappropriated or double the value of the property transferred; and, although one-half of the recovery is paid to the taxpayer who has borne the expense of the litigation, the municipality is wholly restored in its loss.

We are of the opinion that the only action authorized to be prosecuted by a taxpayer or taxpayers in the name of the state is for a recovery of the identical property unlawfully transferred, or for double the value thereof; or, where money has been misappropriated, for double the sum misappropriated as the penalty named in section 2 of the act. The facts stated in plaintiffs' petition state a cause of action for recovery of the penalty in double the sum misappropriated, and the petition should be so treated. Actions for the recovery of penalties must be brought within one year after the cause of action accrues. Section 5550, Comp. Laws 1909.

Where a petition upon its face shows that the cause of action set out therein is barred by the statute of limitations, it is proper to sustain a demurrer thereto, urged specially on that ground. *Fox v. Ziehme,* 30 Okla. 673, 120 Pac. 285; *Reeves v. Turner,* 20 Okla. 492, 94 Pac. 543; *Betz v. Wilson,* 17 Okla. 383, 87 Pac. 844. But the second amended petition, to which the demurrer was directed and sustained, does not disclose upon its face that the action is barred. It is not alleged in this amended petition when the money was paid out by the officers. Defendants in error seek to supply this fact in order to render the second amended petition demurrable by asking that certain exhibits attached to the first amended petition be considered. Those exhibits consist of the warrants upon which it is alleged in the first amended petition the money was paid out, and upon the face of which warrants are certain indorsements which defendants in error contend establish the time of the misappropriation of the funds.

But the second amended petition is not made as an amendment to the preceding amended petition, but is made as a substitute and is a complete petition in itself, and contains no reference

to the prior petitions, or to exhibits thereto attached. The allegations of the first amended petition, except as repeated in the second amended petition, have been abandoned and are out of the case; and the court cannot look to them for the purpose of the demurrer. *State v. Simpkins,* 77 Iowa, 676, 42 N. W. 516; *Long Bros. v. Hubbard,* 6 Kan. App. 878, 50 Pac. 968; *Hawkins v. Massie et al.,* 62 Mo. 552; *McFadden v. Ellsworth Mill & Min. Co.,* 8 Nev. 57; 1 Ency. of Plead. & Pr. 625.

"An amended pleading, filed as a substitute for the original pleading, supersedes it, and the original pleading ceases to be part of the record, except for the purpose of deciding when the action was in fact commenced, and whether a new cause of action has been introduced." (31 Cyc. 465.)

A consideration of some of the questions we have determined could have been obviated, for the reason that they are not essential to a decision in this case, although presented in the brief of counsel either for the plaintiffs in error or defendants in error; but as it is apparent that most, if not all, of them are likely to arise in the subsequent proceeding in this cause, we thought best to consider them.

The judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.