# CHICAGO, R. I. & P. RY. CO. v. STATE *ex rel.* GLEASON, *County Attorney.*

No. 5683.    Opinion Filed November 30, 1915.

(153 Pac. 625.)

**RAILROADS—Failure to Construct Crossing—Penalty—Recovery— Parties.** The act of May 11. 1908 (Laws 1907-8, c. 72, art. 2, sec. 1), being section 1432, Rev. Laws 1910, provides in substance, that if any railroad company, operating a line of railroad within this state, shall fail to construct and maintain crossings over its tracks and rights of way, over which public highways may run, as required in said section, after 30 days' written notice by the road overseer of any road district, by the city council of any city, or board of trustees of any town in this state, where such crossings are needed, or by 50 petitioners of any such city or town, said railroad company shall forfeit and pay to said county, road district, city, or town complaining, the sum of $25 a day for every day said company may neglect to construct and maintain such crossings. **Held,** that an action to recover such forfeiture or penalty cannot be maintained in the name, or on behalf, of the state, on the relation of the county attorney, but must be prosecuted in the name of the body politic to which said forfeiture or penalty is made payable. under the terms and requirements of said statute.

(Syllabus by Roberts, C.)

*Error from District Court, Texas County;*
*R. H. Loofbourrow, Judge.*

Action by the State, on the relation of John L. Gleason, County Attorney of Texas County, against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to dismiss.

*C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble,* and *K. W. Shartel,* for plaintiff in error.

Opinion by ROBBERTS, C. This action is prosecuted on behalf of, and in the name of, the State of Oklahoma,

on the relation of John L. Gleason, county attorney of
Texas county, against the Chicago, Rock Island & Pacific
Railway Company, to recover $1,625, as a penalty for fail-
ure of said railway company to build and maintain a cross-
ing over a public highway extending along the east line
of section 32, township 4 north, range 16 E. C. M., in
said county.    The pertinent part of said petition is, in
substance, as follows:    That the point where said rail-
way crossed said section line was located in road district
No. 2 of the township of Optima in said county, and that
on July 20, 1911, William Snider was the road overseer of
the said district, and demanded that defendant construct
and maintain a crossing over its railway track where said
track crossed said highway; that said track was without
any crossing; and that it was impossible for teams or pedes-
trains to cross the said point; and that the time for the
building of such highway had expired; and that the de-
fendant had failed and refused to build or maintain a
crossing there; and that 65 days had expired since the
expiration of the time for building said crossing, and de-
fendant had incurred penalties, by reason of its failure,
aggregating the sum of $1,625, for which, with costs, the
plaintiff asked judgment.    The defendant answered:    (1)
By general denial; and (2) an allegation that the proceed-
ings, as well as the law upon which the action was based,
were unconstitutional.    The case was tried to the court, and
judgment rendered for the forfeiture in the sum prayed
for.    Motion for new trial was overruled, exceptions saved,
and defendant brings error.    For reversal counsel for plain-
tiff in error make the following assignments:

"First.    The petition does not state facts sufficient to
constitute a cause of action.    Second.    The enactment up-
on which the cause of action is based violates section 16,

art. 1, of the State Constitution, and Fourteenth Amendment of the Federal Constitution, in that it denies 'due process of law.' Third. The court erred in overruling defendant's motion for a new trial. Fourth. The evidence was insufficient to entitle the plaintiff to recover, in that: (a) Neither the state, nor the county attorney in the name of the state, had any right of action, or to prosecute the action, or to recover therein; (b) there was no proof of the creation or existence of either the road district or the township named in the petition, nor that the road crossing designated was within any certain district or township; (c) the evidence failed to show service of the notice by the person named in the statute; (d) the evidence failed to show the existence of a highway at the place designated."

The action is predicated upon an act approved May 11, 1908, being section 1432, Rev. Laws 1910, which reads as follows:

"Sec. 1432.    Railroads to Construct Crossings.—It shall be the duty of every railroad company or corporation doing business, or operating a line of railroad, within this state, to construct a crossing across that portion of its track, roadbed or right of way over which any public highway may run, and maintain the same unobstructed, in a good condition for the use of the public, and to build and maintain in good condition all bridges and culverts that may be necessary on its right of way at such crossing; and in case any railroad company or corporation fails so to construct and maintain said crossing for thirty days after written notice by the road overseer of any road district or the council or board of trustees of any city or town in this state, or fifty petitioners of any city or town who are interested (where such work or repairs are needed), to be given to the section boss, or any station agent of any railroad company or corporation in the county (where such work or repairs are needed), it shall forfeit and pay to said county, road district, city or town complaining, the sum of twenty-five dollars per day for every day said company or

corporation may neglect to comply with the requirements of this section."

As before stated, the action is brought on behalf of, and in the name of, the state, on the relation of the county attorney. In subdivision (a) of the fourth assignment of error, counsel contend that:

"Neither the state, nor the county attorney in the name of the state, had any right of action, or authority to prosecute the action, or to recover therein."

The particular language of the statute involved is, in substance, that in case the railroad company fails to construct and maintain the crossing for 30 days, after written notice by the road overseer of any road district, or by the city council of any city, or the board of trustees of any town in the state, or by 50 persons of any city or town who are interested, to the section boss, or any station agent of the railroad company in the county, said railroad company shall forfeit and pay to said county, road district, city, or town complaining the sum of $25 for every day said company neglects to construct and maintain said crossing. The plain meaning is that if the company fails to comply with the law, the county, township (road district), city or town may recover, as a penalty, the sum named. While there is no positive statement as to who shall maintain the action to recover the penalty, the law seems to imply that the county, township (road district), city, or town to which the obligation or penalty is due should maintain the action. In fact, it is the only party in interest, and therefore, under the statute, the only party in whose name the action can be brought. The only serious question involved is as to the right to recover the penalty when due to the road district. We find no provision in the statute making a road district a body politic, or authorizing

it to maintain an action. The statute of 1890 pertaining to townships and road districts, being section 6073 of Wilson's Statutes, was as follows:

"Sec. 6073. The township trustee of each municipal township shall divide his township into convenient road districts, and he may make such alterations in the same as may be necessary. He shall cause a record to be made accurately by defining the boundaries and number of each road district, as well as all alterations made in such district or districts in his township. Each road district shall elect its own overseer at the first election for county and township officers after the passage and approval of this act, and at every biennial election thereafter, who shall hold his office for the term of two years."

This section was superseded by section 7561, Rev. Laws 1910, by the following:

"Sec. 7561. Said board of highway commissioners shall have power, and it is hereby made their duty, to divide their township into a sufficient and convenient number of road districts to consist of not less than four square miles each, and shall cause a record to be made accurately defining the boundaries and number of each road district as well as all alterations made in any of such districts."

Both of these sections clearly indicate that road districts are mere subdivisions of townships, which, under section 8668, Wilson's Statutes, and section 3171, Rev. Laws 1910, are bodies politic, and may sue and be sued, and appoint by its proper officers all necessary agents and attorneys, and may make all contracts necessary, and covenant for the exercise of its corporate powers, and the township treasurer was at all times the custodian of the road funds. So, it appearing that road districts are not bodies politic, and having no power in themselves to maintain an action, but mere subdivisions of townships, we are of opinion that

the intention of the Legislature was that the actions in this class of cases might be maintained by the township. This statement, however, is unnecessary for the determination of this case.

It must be admitted, however, that either the act is inoperative, so far as it relates to road districts, for the reason that such districts have no capacity to sue, or the township in this case is the real party in interest, and in such case the suit should have been brought in its name. One thing is certain, there is no statute authorizing the state to recover such a penalty, and no law giving the county attorney the right or power to maintain this action on behalf of, or in the name of, the state.

The case of *Territory ex rel. Johnston, County Attorney, et al. v. Woolsey et al.*, 35 Okla. 545-550, 130 Pac. 934, clearly maintains this rule. That was an action to recover a penalty, brought under an act of March 8, 1901, Session Laws 1901, p. 169, which provides, in substance, that every officer of a city who shall order or direct the payment of any money in payment or settlement of any claim known to such officer to be fraudulent or void, or in pursuance of any unauthorized, unlawful, or fraudulent agreement made for such city by any officer or officers thereof, shall be jointly and severally liable to the city for double the amount of all such sums of money so paid, to be recovered at the suit of the proper officer of such city, or of any taxpayer thereof. The action was brought against city officers in the name of the state, on the relation of the county attorney. This court held that the action could not be maintained, and in so doing Justice Hayes, speaking for the court, says:

"The statute, however, does not authorize the action to be maintained in the name of the territory or state on re-

lation of the county attorney. The state has no interest in the action. It receives no benefit from its prosecution; and, although it is made by the statute the nominal party, the real parties in interest are the informers and the city, which, by the statute, is required to be made a defendant, and the only persons authorized to inform and prosecute the action in the name of the state are resident taxpayers. In so far as the statute authorizes the recovery of a penalty, the rule of strict construction applies as to who may recover, and only those named in the statute may prosecute the action; and, since the county attorney is not named, he is without authority to prosecute the action, either in his own name, or in the name of the state."

That language is peculiarly applicable here. The statute does not provide for a forfeiture in favor of the state. The state has no interest in the recovery of the penalty. Applying the rule of strict construction, as to who may recover, and also that only those named in the statute may prosecute the action, which is the well-settled law, the county attorney has no authority to prosecute this action, either in his own name or in the name of the state. If the forfeiture belongs to the county, township, city, or town, there is ample authority, under the statutes, for any one of them maintaining this action in its own name, but none of them can recover in the name of the state, and as the state has no interest in the recovery, it cannot recover in its own name. Counsel for plaintiff in error submit several other propositions, but as we find the question herein above discussed decisive of the case, we deem it unnecessary to pass upon the other assignments. The case should be reversed and remanded to the district court of Texas county, with directions to dismiss.

By the Court: It is so ordered.