## PURDOM et al. v. SHOCK.

No. 8201.—Opinion Filed July 22, 1919.

Rehearing Denied Oct. 14, 1919.

(Syllabus by the Court.)

**Pleading—Answer—Sufficiency.**

Where an answer denies a material allegation essential to plaintiff's recovery, it is error to sustain a demurrer on the ground that it does not state a defense.

Error from District Court, Johnston County; J. H. Linebaugh, Judge.

Action by Floyd Shock against Kirby Purdom and others. Judgment for plaintiff, and defendants bring error.

Reversed and remanded, with directions.

Cruce & Potter, Alexander Gullett, and Stephen C. Treadwell, for plaintiffs in error.

Ledbetter, Stuart & Bell, for defendant in error.

KANE. J. This was an action upon a series of contracts relating to the sale and purchase of certain general warrants of the Chickasaw Nation, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants" respectively, as they appeared in the trial court.

In addition to pleading the original contract in writing the plaintiff set up an oral contract by the terms of which Purdom, one of the defendants, agreed to execute certain promissory notes in connection with and supplementary to the transactions mentioned in the written contract. After alleging various breaches of these obligations on the part of the defendants and the assignment of the contracts to the plaintiff in due course, etc., the plaintiff prayed for judgment.

The answer of the defendants consisted of (1) a general denial; and (2) allegations to the effect that although Shock, the plaintiff, claimed to be the owner and holder of the various contracts referred to in his petition by purchase in due course from one Hubbard, who by the terms of the written contract appears to be the party of the second part thereto, he was and always had been in truth and in fact the real party of the second part to said contract; that said agreement was drawn and executed under the directions of the plaintiff and for his sole use and benefit, and that while the plaintiff had some sort of an agreement or understanding with said R. M. Hubbard, mentioned in said agreement as the party of the second part, to assist the plaintiff in performing and carrying out his part of the agreement to purchase said warrants, said Hubbard was merely a nominal party thereto, said plaintiff always being the real party of the second part to said contract and the principal in dealing with said defendants for the purchase of said warrants. Then, after alleging various breaches of the contracts set up in the petition and mentioned in the answer and cross-petition on the part of the plaintiff, the defendants prayed that plaintiff take nothing by his action, and that they have and recover judgment against the plaintiff in the sum of $14,991.32, etc. Thereafter a demurrer was filed to the answer and cross-petition of the defendants upon the following grounds: (1) The court had no jurisdiction of the person of the plaintiff, for the purpose of determination of matters of defense, or cause of action set up as grounds for affirmative relief in said amended answer and cross-petition. (2)

That there is a defect of parties plaintiff necessary for a determination of the matters set up in said amended answer and cross-petition. (3) That there is a defect of parties defendant necessary for a determination of the matters set up in said amended answer and cross-petition. Upon this demurrer being sustained the defendants elected to stand upon their answer and cross-petition and commenced this proceeding in error for the purpose of reviewing the action of the trial court.

Counsel for defendants say that the trial court erred in sustaining the demurrer to their answer and cross-petition, (1) for the reason that it contained a general denial which put in issue several of the material allegations of the petition. (2) It was error to sustain the demurrer upon the ground that Hubbard was a necessary party to the action, for the reason that it clearly appears he had no interest in the subject-matter of the action under either the allegations of the petition, to the effect that Floyd Shock was the owner and holder of the contract sued on by assignment from Hubbard, or the allegations of the answer and cross-petition, to the effect that Floyd Shock was always the real owner and holder of the contracts sued upon, R. M. Hubbard being merely a nominal party thereto.

In answer to the first contention counsel for the defendant in error say in their brief:

"As we have shown in the above additional statement, in effect defendant in error abandoned his suit. He did not choose to amend his petition after the demurrer had been sustained thereto. Therefore, the claim of error of the trial court by plaintiffs in error, based upon the fact that the answer contained a general denial, becomes immaterial. The case brought by defendant in error being no longer before the trial court, the question is whether or not the court erred in sustaining the demurrer levelled against the cross-petition."

We do not think this contention is available to counsel for the purpose of sustaining the action of the trial court in passing upon the demurrer to the answer and cross-petition. What counsel refers to as in effect an abandonment of his suit by the plaintiff, arose as follows: It seems that after the action was commenced certain of the defendants filed demurrers to the petition of the plaintiff on the ground that there was a defect of parties plaintiff and defendant, which were sustained. In the order sustaining the demurrers the trial court granted plaintiff leave to amend his petition within a time limited, which was not done within

the time allowed by the court. Counsel now say that this being the condition of the record at the time the answer and cross-petition was filed, it showed an abandonment of his action by the plaintiff and therefore the only matter before the court for examination is, whether or not the court erred in sustaining the demurrer to the amended cause of action. We do not think this contention is germane to the action of the trial court in sustaining the demurrers leveled against the answer and cross-petition. If the action was abandoned at the time the answer and cross-petition was filed, as counsel contend, then a motion to strike the same probably would have been proper practice. The demurrer merely attacked the sufficiency of the answer and cross-petition upon certain specific grounds. Assuming that these were all proper grounds for attacking an answer and cross-petition by demurrer, it is clear that it is only necessary to examine the allegations of the pleading assailed, in order to pass upon them. Taking this view, it follows that the first contention of counsel for the defendants must be sustained, for it is well settled that where an answer denies a material allegation essential to plaintiff's recovery it is error to sustain a demurrer on the ground that it does not state a defense. Lee v. Mehew, 8 Okla. 136.

We think it was also error to sustain the demurrer upon the ground that there was a defect of parties plaintiff or defendant. This no doubt was the ground on which the demurrer was sustained, the trial court erroneously taking the view that under the allegations of the answer and cross-petition it appeared that R. M. Hubbard was a necessary party to the action. We do not think he was. According to the allegations of the petition Hubbard had disposed of his interest in the contracts involved by assignment to Floyd Shock, the plaintiff, and, according to the allegations of the answer and cross-petition, Floyd Shock, the plaintiff, was always the real party to the contract, Hubbard being a mere nominal party. In these circumstances, whichever theory prevailed, Hubbard was not a necessary party to the action for the reason that in either event Shock was the real party in interest, and the proper person to prosecute or defend the action.

For the reasons stated, it was error to sustain the demurrer to the answer and cross-petition of the defendants. The cause is therefore reversed and remanded with directions to overrule the demurrer.

SHARP, JOHNSON, HARRISON, and McNEILL, JJ., concur.